1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM, et al., | Case No. 2:25-cv-04131-JWH-JDE |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | Date: October 17, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 9D<br>Judge: Hon. John W. Holcomb |
| Defendants. | |

THIS MATTER comes before this Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon considering the Complaint and the parties' briefing, the Court finds that dismissal of the Complaint is warranted.

*First*, the Complaint is dismissed in its entirety because Plaintiffs lack standing. SFFA and DNH lack associational standing because they fail to plausibly allege that their purported members possess "indicia of membership" and that those members have standing to sue in their own right. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343-344 (1977). And because the Complaint has not plausibly alleged that Mahoney is able and ready to apply, Mahoney also lacks standing. *Loffman v. Cal. Dep't of Educ.*, 119 F.4th 1147, 1159, 1160-1161, 1162 n.8 (9th Cir. 2024). As a result, the Court does not have jurisdiction, and the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(1).

*Second*, to the extent Plaintiffs have adequately alleged that they have standing, the following claims are dismissed pursuant to Rule 12(b)(6):

- The Section 1983, Section 1981, and Unruh Act claims against the Regents of the University of California (the "University") are dismissed pursuant to the Eleventh Amendment, *see Ashmore v. Regents of the Univ. of Cal.*, 2011 WL 6258460, at *8 (C.D. Cal. Dec. 15, 2011); because the University is not a suable person under Sections 1983 and 1981, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Pittman v. Oregon*, 509 F.3d 1065, 1074 (9th Cir. 2007); and because the University is not a business establishment under the Unruh Act, *see Brennon B. v. Superior Ct.*, 513 P.3d 971, 982 (Cal. 2022).

- All claims against Chancellor Frenk are dismissed because Plaintiffs fail to plausibly allege that he has any connection to allegedly

discriminatory admissions practices, *see Silverband v. Woodford*, 2010 WL 3635780, at *6 (C.D. Cal. Aug. 18, 2010); *Topadzhikyan v. City of Glendale*, 2012 WL 12878680, at *5 (C.D. Cal. June 21, 2012); *Hunter v. Chatman*, 2018 WL 10076846, at *9 (C.D. Cal. Nov. 20, 2018); *Randall v. United Network for Organ Sharing*, 720 F. Supp. 3d 864, 880 (C.D. Cal. 2024); *Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013), and because Plaintiffs fail to plausibly allege that Chancellor Frenk engaged in intentional discrimination, *see Heard v. Cnty. of San Bernardino*, 2021 WL 5083336, at *4-5 (C.D. Cal. Oct. 12, 2021); *Doe v. L.A. Unified Sch. Dist*, 2016 WL 4238636, at *4-5 (C.D. Cal. Aug. 8, 2016); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992); *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014).

- The following claims and requests related to Chancellor Julio Frenk and Associate Dean Jennifer Lucero (the "Individual Defendants") are dismissed:
    - Plaintiffs' requests for retrospective relief pursuant to claims against the Individual Defendants are dismissed pursuant to the Eleventh Amendment. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018).
    - To the extent Plaintiffs bring a Title VI claim against the Individual Defendants, that claim is dismissed because the Individual Defendants are not recipients of federal funds, *see Plumas Joint Unified Sch. Dist.*, 2021 WL 847812, at *7 (E.D. Cal. Mar. 5, 2021), and because the claim is redundant of the Title VI claim against the University, *see Barry v. Yosemite*

   *Cmty. Coll. Dist.*, 2017 WL 896307, at *6 (E.D. Cal. Mar. 7, 2017).

- The federal claims seeking damages against the Individual Defendants in their individual capacities are dismissed to the extent they arise from alleged conduct that took place before June 29, 2023, because Individual Defendants are entitled to qualified immunity. *See District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018).
- The Unruh Act claim against the Individual Defendants in their individual capacities is dismissed because the Individual Defendants have state-law immunity under California Government Code Section 820.2, and because their employer is not a business establishment, *see Brennon B. v. Superior Ct.*, 513 P.3d at 982. To the extent Plaintiffs bring an Unruh Act claim against the Individual Defendants in their official capacities, that claim is dismissed pursuant to the Eleventh Amendment. *See Doe*, 891 F.3d at 1153.

*Third*, to the extent any of the claims survive dismissal, the Court would order the following:

- Plaintiffs' request for punitive damages is dismissed. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *United Nat'l Maint., Inc. v. S.D. Convention Ctr., Inc.*, 766 F.3d 1002, 1012 (9th Cir. 2014); *Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1111 (E.D. Cal. 2001); *Tan v. Univ. of Cal. S.F.*, 2007 WL 963223, at *1 (N.D. Cal. Mar. 29, 2007); *Gutzalenko v. City of Richmond*, 723 F. Supp. 3d 748, 762 (N.D. Cal. 2024).

- Plaintiffs' request for disgorgement of federal financial assistance is dismissed. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 704-707 & n.38 (1979).
- Plaintiffs' request for an injunction lifting the no-transfer policy and reapplication limits is dismissed. *See Loffman*, 119 F.4th at 1159 n.6.
- Plaintiffs' class allegations are stricken. *See Am. W. Door & Trim v. Arch Specialty Ins.* 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015); *Wal-Mart v. Dukes*, 564 U.S. 338, 359 n.10 (2011); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1148 (N.D. Cal. 2010).

\* \* \*

Because the Complaint fails to allege that Plaintiffs have standing and fails to state a claim, it is hereby ORDERED that the Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is GRANTED, and the Complaint is hereby DISMISSED with prejudice.

[SIGNATURE PAGE FOLLOWS]

Dated: _____

                                            Hon John W. Holcomb

                                            United States District Judge