**CONSOVOY MCCARTHY PLLC**
Thomas R. McCarthy (pro hac vice)
Bryan Weir (SBN 310964)
Cameron T. Norris (pro hac vice)
cam@consovoymccarthy.com
Frank H. Chang (pro hac vice)
Mari Sayer (pro hac vice)
R. Gabriel Anderson (pro hac vice forthcoming)
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423

**LAWFAIR PLLC**
Adam K. Mortara (pro hac vice)
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154

**ALTVIEW LAW GROUP LLP**
John M. Begakis (SBN 278681)
john@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, CA 90212
(310) 230-5580

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM; STUDENTS FOR FAIR ADMISSIONS; and KELLY MAHONEY, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID GEFFEN SCHOOL OF MEDICINE AT UCLA, et al.,<br><br>*Defendants*. | Case No.: 25-4131<br><br>**PLAINTIFFS' RESPONSE TO COURT'S SHOW-CAUSE ORDER REGARDING CONSOLIDATION** |

1

The plaintiffs in *DNH* oppose consolidating their case with *SARD*. Consolidation would be premature before this Court decides the forthcoming motion to dismiss in *SARD*. If a decision on consolidation is made now, this Court should find that the costs will outweigh the benefits. The cases should not be consolidated for trial, since only the *DNH* plaintiffs have requested a jury trial. And consolidating the cases for pretrial would prejudice everyone by causing delay: *SARD*'s broader challenge to all admissions at every UC school would delay *DNH*'s narrower challenge to the admissions at UCLA's medical school. And *DNH*'s unique request for class certification could generate additional litigation that delays *SARD*. Meanwhile, the main benefits of consolidation could be achieved by simply ordering the parties to cooperate and not duplicate discovery into UCLA's medical school—something that the parties have already agreed to do amongst themselves, and that this Court could easily enforce because it's overseeing both cases.

**I. This Court should not consolidate the cases before resolving all motions to dismiss.**

"[C]onsolidation is premature when motions to dismiss are pending." Wright & Miller, 9A Fed. Prac. & Proc. Civ. §2383 (3d ed.); *accord, e.g.*, *Tex. Ins. Co. v. Talisman Specialty Underwriters, Inc.*, 2025 WL 1697143, at *2 (E.D. La. June 17); *Grobler ex rel. Inotiv, Inc. v. Leasure*, 2023 WL 2137414, at *3-4 (N.D. Ind. Feb. 17). That principle applies even when the motions to dismiss aren't fully briefed. *Osman v. Weyker*, 2016 WL 10402791, at *3-4 (D. Minn. Nov. 21) (collecting cases). Rule 42—the one that governs consolidation—is "best served" when courts first decide motions that could avoid the need for consolidation altogether. *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 2012 WL 1825222, at *1 (D. Kan. May 18); *accord Thompson v. City of St. Peters*, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21).

Motions to dismiss are pending here. The defendants in *DNH* just moved to dismiss. *DNH*-Doc.46. And the defendants in *SARD* moved to dismiss the original

complaint. *SARD*-Doc.24-1. Though the complaint was then amended, *SARD*-Doc.26, the *DNH* plaintiffs understand that the defendants in *SARD* will move to dismiss the amended complaint as well by August 14, *see SARD*-Doc.30.

Per the usual rule, no consolidation should occur before these motions to dismiss are decided. If one of the cases is dismissed, then consolidation would only cause "confusion and inconvenience." *Vickers v. Green Tree Servicing, LLC*, 2015 WL 7776880, at *2 (D. Kan. Dec. 2); *accord Leasure*, 2023 WL 2137414, at *3-4. And if *SARD*'s allegations against UCLA's medical school are dismissed, then consolidation will not be appropriate because the cases will no longer share a "common question." Fed. R. Civ. P. 42(a)(1)-(2); *see Leasure*, 2023 WL 2137414, at *3. At this juncture, "it is too soon to ascertain the claims and parties which may remain in each case once those motions are resolved." *Vickers*, 2015 WL 7776880, at *2. Consolidation should "be addressed after" the motions to dismiss so that the Court can "understand the state of the cases better." *SA Music LLC v. Apple, Inc.*, 2022 WL 1814148, at *6 (N.D. Cal. June 2); *see also Campbell v. PricewaterhouseCoopers*, 2008 WL 3836972, at *3 (E.D. Cal. Aug. 14) ("[The consolidation] determination should be made at a later stage, after a motion for class certification … has been resolved.").

## II. If the Court decides consolidation now, it should find that the costs outweigh the benefits.

Though Rule 42 lets district courts "consolidate" cases that "involve a common question of law or fact," Fed. R. Civ. P. 42(a)(1)-(2), it never *requires* consolidation, *Abate v. Lewis*, 74 F.3d 1245, 1245 (9th Cir. 1996); *Olaplex LLC v. Groupon*, 2019 WL 9042542, at *1 (C.D. Cal. Apr. 19). Consolidation remains a matter of the court's "broad discretion." *Klauber Bros., Inc. v. Forever 21 Retail, Inc.*, 2015 WL 12720307, at *1 (C.D. Cal. Apr. 9). When exercising that discretion, courts weigh the "'time and effort'" that consolidation would save against the "'inconvenience, delay, or expense'" that consolidation would create. *Id.*

3

The costs of consolidation outweigh the benefits here. To start, the cases should not be consolidated for trial—which is reason enough to deny consolidation altogether. *E.g.*, *EPA v. City of Green Forest*, 921 F.2d 1394, 1403 (8th Cir. 1990). Though both cases now seek damages, only the *DNH* plaintiffs are demanding a jury trial. If the defendants in *SARD* do not seek a jury trial, then the two trials cannot be consolidated, since consolidation cannot deprive *DNH* of its "right to a jury trial." Fed. R. Civ. P. 42(b); *see also Acfalle v. DIRECTV*, 2015 WL 13609618, at *1-2 (C.D. Cal. Aug. 14). Or if the defendants in *SARD* do seek a jury trial, then consolidation will create a "'logistical nightmare.'" *Acfalle*, 2015 WL 13609618, at *1. This Court will have to decide whether and how to empanel two juries and "sequeste[r] one of the juries from hearing evidence and argument specific to the other case." *Bower v. Wright Med. Tech. Inc.*, 2019 WL 3947087, at *3 (C.D. Cal. Aug. 19). That situation could "prejudice" the parties, "confus[e]" the jurors, and "diminish any of the efficiencies gained by consolidating the cases." *Id.*

Even if the cases were consolidated only for discovery and other pretrial proceedings, the "possibility of delay" here "disfavors consolidation." *New Jersey v. DOT*, 2024 WL 493298, at *2 (D.N.J. Feb. 8); *e.g.*, *Lucas v. Gotra*, 2019 WL 3753245, at *5 (S.D. Ohio Aug. 8). The *DNH* plaintiffs will be delayed because *SARD* is a broader case. While *DNH* challenges the admissions process at UCLA's medical school, *SARD* challenges the admission process at every UC school, including a range of graduate, undergraduate, and professional programs. *Compare DNH*-Compl.¶1, *with SARD*-Am.-Compl. 1-2 & ¶¶7-8, 40, 43, 46, 49, 52, 55. Consolidation would prejudice the *DNH* plaintiffs by making them "enmeshed in a much wider [case]." *Saleh v. Merchant*, 2017 WL 2424229, at *3 (N.D. Ill. June 5). And it would require them "to participate in various matters that are simply irrelevant" to them, like conferences and hearings about unrelated issues, parties, and claims. *Colt Int'l Clothing Inc. v. Quasar Sci.*, 2018 WL 6252448, at *3 (C.D. Cal. Aug. 21); *see DNH*-Doc.42 at 3 ("Lead trial counsel for each party must attend every status conference, scheduling conference, and pretrial

1  conference."). Those harms would "prejudice" the *DNH* plaintiffs in terms of lost time, increased expense, and delayed relief. *Saleh*, 2017 WL 2424229, at *3; *Does No. 1 v. Springboro Cmty. City Sch. Dist.*, 2022 WL 219368, at *2 (S.D. Ohio Jan. 25); *Kilgore Marine Servs. LLC v. SeaTrepid Int'l LLC*, 2024 WL 3996076, at *1 (W.D. La. Aug. 29).

Consolidation could also slow down *SARD*. *DNH* and *SARD* seek damages against different defendants, who can all raise qualified-immunity defenses. *See DNH-*Doc.46-1 at 26-28 (raising the defense here). Each denial of qualified immunity could lead to an interlocutory appeal. *Behrens v. Pelletier*, 516 U.S. 299, 306-09 (1996). Plus only *DNH* is a class action. When the *DNH* plaintiffs move for class certification, this Court's decision could likewise be subject to an interlocutory appeal. Fed. R. Civ. P. 23(f). During these interlocutory appeals, the *SARD* plaintiffs might have their case stayed in this Court—a clear "source of prejudice." *Roberts v. Cnty. of Riverside*, 2020 WL 5045152, at *3 (C.D. Cal. May 8); *accord Campbell*, 2008 WL 3836972, at *4 (stressing that "class certification proceedings [and] possible Rule 23(f) petitions for appeal … would prejudice the [other] plaintiffs"). And if *SARD* goes forward while *DNH* is stayed, this "piecemeal litigation" will defeat the purpose of consolidation. *Aggreko, LLC v. Chartis Specialty Ins.*, 2017 WL 10128905, at *2 (E.D. Tex. June 8). This Court can avoid these issues most easily by "[k]eeping the cases separate." *Colt*, 2018 WL 6252448, at *3.

The main benefits of consolidation—the efficiencies gained by avoiding duplicative discovery into UCLA's medical school—can be accomplished without consolidation. This Court can simply instruct the parties to coordinate discovery into UCLA's medical school and to avoid duplication. *Campbell*, 2008 WL 3836972, at *3. The parties have conferred and agree to do so. And this Court could "effectively manage and coordinate" discovery into UCLA's medical school because it's already overseeing both cases. *Roberts*, 2020 WL 5045152, at *2-3. Because coordination would achieve the same

5

"'efficiency gains'" as consolidation, *Acfalle*, 2015 WL 13609618, at *2, consolidation is not worth the costs here.

## CONCLUSION

In response to this Court's show-cause order, the *DNH* plaintiffs state that the cases should not be consolidated.

Dated: July 30, 2025    Respectfully submitted,

*/s/ Cameron T. Norris*
**CONSOVOY MCCARTHY PLLC**
Thomas R. McCarthy (pro hac vice)
Bryan Weir (SBN 310964)
Cameron T. Norris (pro hac vice)
cam@consovoymccarthy.com
Frank H. Chang (pro hac vice)
Mari Sayer (pro hac vice)
R. Gabriel Anderson (pro hac vice forthcoming)
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423

**LAWFAIR PLLC**
Adam K. Mortara (pro hac vice)
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154

**ALTVIEW LAW GROUP LLP**
John M. Begakis (SBN 278681)
john@altviewlawgroup.com
9454 Wilshire Blvd., Suite 825
Beverly Hills, CA 90212
(310) 230-5580

*Attorneys for Plaintiffs*

6

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 AND STANDING ORDER OF HON. JOHN W. HOLCOMB

Undersigned certifies that this brief contains fewer than 25 pages, which complies with the page limit set by the Court's July 11, 2025, standing order.

Dated: July 30, 2025 /s/ *Cameron T. Norris*