WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DO NO HARM, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL., <br><br> Defendants. | Case No. 2:25-cv-04131-JWH-JDE <br><br> **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION** <br><br> Date: August 15, 2025 <br> Time: 11:00 a.m. <br> Place: Courtroom 9D <br> Judge: Hon. John W. Holcomb |

Defendants respectfully submit the following response to the Court's July 15, 2025, Order to Show Cause Regarding Consolidation, Dkt. 43.

## INTRODUCTION

While the two related cases before this Court both involve allegations that the University of California ("UC") engages in racial discrimination in its admissions practices, they differ in substance and scope such that the parties agree consolidation would not be appropriate. *See* Dkt. 47 at 2 ("DNH Response"); Dkt. 32 at 3, *Students Against Racial Discrimination v. Regents of the University of California, et al.*, No. 25-cv-00192 (C.D. Cal. July 30, 2025) ("SARD Response"). One case, *Students Against Racial Discrimination v. Regents of the University of California, et al.* ("*SARD*"), lodges a broad-based attack on all undergraduate, law school, and medical school admissions across the UC system.[1] The other, *Do No Harm, et al. v. Regents of the University of California, et al.*, No. 25-cv-04131 ("*Do No Harm*"), challenges admissions practices at only one of those schools: the David Geffen School of Medicine at UCLA ("UCLA's School of Medicine"). While these cases satisfy the related case standard under Local Rule 83-1.3.1 because they both include allegations that UCLA's School of Medicine engaged in racial discrimination in admissions, the similarity ends there. The cases are of substantially different scopes, and defendants in each case have raised multiple arguments warranting dismissal, *see* Dkt. 46-1; Dkt. 24-1, *SARD* (C.D. Cal. May 20, 2025), which could eliminate one or both cases in their entirety, or at a minimum may eliminate the overlapping questions between these cases.

Defendants therefore respectfully request that the Court defer any decision on consolidation until it has resolved the respective motions to dismiss. To the extent that these cases proceed past the motion to dismiss stage to discovery, the parties agree that the most efficient approach would be for the Court to order the

---

[1] The term "UC system" refers to all of UC's 10 campuses and six medical centers.

parties to coordinate discovery on issues related to UCLA's School of Medicine, without formal consolidation.  SARD Response 4; DNH Response 5.  In the alternative, if the Court nonetheless decides that consolidation is appropriate, consolidation should be limited only to discovery, and only to that discovery that is related to allegations of discrimination at UCLA's School of Medicine.

## BACKGROUND

SARD initiated its suit in February 2025.  Dkt. 1, *SARD* (C.D. Cal. Feb. 3, 2025).  The original *SARD* complaint challenged undergraduate admissions at all nine UC undergraduate campuses; graduate admissions at nine UC campuses; undergraduate transfer admissions at eight UC undergraduate campuses; and law school admissions at all five UC law schools.  *See id.* ¶¶ 31-40.  Defendants in that case—which include the Regents and the chancellors of ten UC campuses—moved to dismiss that complaint on May 20, 2025.  Dkt. 24, *SARD* (C.D. Cal. May 20, 2025).

Also in May 2025, Plaintiffs Kelly Mahoney and associations Do No Harm and Students for Fair Admissions brought this separate suit, challenging admissions practices at UCLA's School of Medicine alone.  Dkt. 1.  Plaintiffs submitted a notice of related cases under Local Rule 83-1.3.1 at the time they filed their Complaint.  Dkt. 2.  On June 4, 2025, the Court declined to transfer this action from its originally assigned judge on the grounds that the cases were "not sufficiently related to warrant transfer."  Dkt. 32.

Less than a week later, SARD amended its complaint, adding allegations of racial discrimination in admissions at all six UC medical schools, including UCLA's School of Medicine.  Dkt. 26 ¶¶ 32-35, 51-53, *SARD* (C.D. Cal. June 10, 2025).  The *SARD* amended complaint also purports to incorporate in full the allegations in the *Do No Harm* complaint.  *Id.* ¶ 34.  Recognizing counsel's "continuing duty … in any case to file a Notice of Related Cases," L.R. 83-1.3.4,

3

1  the defendants in each case submitted a notice of related case. Dkt. 39, at 2-3.
2  This Court ordered transfer of this action on July 11, 2025. Dkt. 41.
3        Defendants in this action—which include the Regents, UCLA's chancellor,
4  and an administrator of UCLA's School of Medicine—moved to dismiss the
5  Complaint on July 29, 2025. Dkt. 46. Defendants' response to the *SARD* amended
6  complaint will be filed no later than August 14, 2025. Dkt. 30, *SARD* (C.D. Cal.
7  June 24, 2025).

## DEFENDANTS' POSITION ON CONSOLIDATION

9        Federal Rule of Civil Procedure 42 permits, but does not require,
10 consolidation of actions that "involve a common question of law or fact." Fed. R.
11 Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and
12 to what extent to consolidate cases" under Rule 42(a). *Hall v. Hall*, 584 U.S. 59,
13 77 (2018); *accord Investors Rsch. Co. v. United States Dist. Ct. for Cent. Dist. of*
14 *Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion
15 under this rule to consolidate cases pending in the same district."). A district court
16 considering consolidation need not consolidate cases for all purposes; it retains the
17 "undisputed ability to consolidate cases for … limited purposes," including for
18 discovery. *Hall*, 584 U.S. at 74. "'To determine whether to consolidate, a court
19 weighs the interest in judicial convenience against the potential for delay,
20 confusion, and prejudice caused by consolidation.'" *Better Care Plastic Tech. Co.,*
21 *Ltd. v. Stop C-19, LLC*, 2022 WL 2037117, at *1 (C.D. Cal. Mar. 7, 2022).
22       The parties agree that consolidation at this stage of the litigation is not
23 appropriate. *See* SARD Response 3; DNH Response 2. First, it would not yield
24 any briefing efficiencies because it would not "'eliminate[] the need to file separate
25 motions in each case on similar issues.'" *Better Care Plastic Tech.*, 2022 WL
26 2037117, at *1. Because *SARD* and *Do No Harm* have different scopes (the entire
27 UC system in *SARD*; one school of one campus in *Do No Harm*), different

plaintiffs (one association in *SARD*; two different associations, an individual, and a putative class in *Do No Harm*), and different claims (alleged discrimination in undergraduate, law school, and medical school admissions in *SARD*; admissions practices at a single medical school in *Do No Harm*), the defendants' arguments for dismissal in each case will necessarily differ.  Second, the motions to dismiss may result in the dismissal of *SARD* and *Do No Harm* in full—or at least the dismissal of any overlapping claims in the two actions—potentially mooting any basis for consolidation.  Given that the motions may eliminate any basis for consolidation, Defendants agree with the *Do No Harm* plaintiffs that the most efficient approach would be to defer any decision on consolidation until the Court has resolved those motions.  See DNH Response 2-3; *cf., e.g.*, *Valdez v. Genesis Healthcare LLC*, 2020 WL 13917725, at *1 (C.D. Cal. Dec. 16, 2020) (deferring decision on consolidation until resolution of pending motion).

        To the extent that both *SARD* and *Do No Harm* proceed to discovery with claims remaining based on allegations of racial discrimination at UCLA's School of Medicine, there will likely be efficiencies to be gained from streamlining discovery related to such allegations.  The parties agree, however, that formal consolidation will not be necessary to realize these efficiencies and that the parties can "coordinate their discovery efforts" to minimize duplication.  SARD Response 4; *see also* DNH Response 5-6.  Defendants therefore request that, if these cases proceed to discovery with claims based on UCLA's School of Medicine, the Court order "the parties to coordinate discovery into UCLA's medical school and to avoid duplication," DNH Response 5, rather than order consolidation.

        In the alternative, in the event that the Court determines that consolidation is appropriate, Defendants believe that the cases should be consolidated only for discovery related to UCLA's School of Medicine, which the parties agree is the only area of substantive overlap.  See SARD Response 3; DNH Response 2.  Such

targeted consolidation would ensure that the Court and the parties can reap the benefits of streamlining claims that involve the "same grievances" and "same witnesses"—for example, by eliminating the possibility of duplicate depositions and production of documents related to UCLA's School of Medicine. *See Better Care Plastic Tech.*, 2022 WL 2037117, at *1. In contrast, broader consolidation would create the potential for delay, confusion, and prejudice to the parties by requiring each party to expend time and resources on discovery or motions practice involving "various matters that are simply irrelevant" to its claims or defenses. *Colt Int'l Clothing Inc. v. Quasar Science, LLC*, 2018 WL 6252448, at *3 (C.D. Cal. Aug. 21, 2018). This prejudice would outweigh any interest in judicial efficiency because there are no efficiencies to be gained from consolidating the narrow discovery that both *SARD* and *Do No Harm* likely will seek related to admissions practices at UCLA's School of Medicine with the far more expansive discovery that only *SARD* could be in a position to seek related to other UC schools.[2]

---

[2] Given that the amended complaint in *SARD* added "new allegations" about UCLA's School of Medicine and even "purport[ed] to incorporate in full" the *Do No Harm* complaint that focuses exclusively on that school, the factual and legal overlap between *SARD* and *Do No Harm* on the specific issue of alleged racial discrimination in admissions at UCLA's School of Medicine warranted transfer of *Do No Harm* to this Court under the relatedness standard of Local Rule 83-1.3.1. *See* Dkt. 39. However, whether two cases are related and whether two cases should be consolidated are distinct inquiries, *see Haddad v. Merck & Co., Inc.*, 2023 WL 3526189, at *2 (C.D. Cal. Mar. 6, 2023) (declining to consolidate related cases); *Pacific Recovery Sols. v. Cigna Behavioral Health, Inc.*, 2021 WL 577394, at *4-5 (N.D. Cal. Feb. 16, 2021) (same), and the important but circumscribed area in which these cases overlap make them related but limit the benefits of consolidation—particularly given the parties' agreement to coordinate any discovery related to UCLA's School of Medicine. The transfer of *Do No Harm* to this Court is sufficient by itself to eliminate the "substantial duplication of labor" that would have occurred had these cases been heard by different judges. L.R. 83-1.3.1(c).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court defer any decision on consolidation until the Court has resolved the defendants' motions to dismiss in both *SARD* and *Do No Harm*. In the event that the cases proceed to discovery with claims remaining based on allegations of racial discrimination at UCLA's School of Medicine, the Court should order the parties to coordinate discovery related to UCLA's School of Medicine without consolidating the cases. In the alternative, if the Court decides that consolidation is appropriate, the Court should consolidate the cases only for the limited purpose of discovery concerning the allegations relating to UCLA's School of Medicine.

[SIGNATURE PAGE FOLLOWS]

DATED: August 1, 2025

Respectfully submitted,

/s/ *Felicia H. Ellsworth*
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 AND STANDING ORDER OF HON. JOHN W. HOLCOMB**

The undersigned, counsel of record for Defendants, certifies that this brief contains 25 pages or fewer, which complies with the page limit set by the Court's Standing Order revised February 24, 2023.

Dated: August 1, 2025                    /s/ *Felicia H. Ellsworth*

                                        Felicia H. Ellsworth

9

Defs.' Response To Show Cause Order
Case No. 2:25-cv-04131-JWH-JDE