1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM, et al.,<br><br>　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　　　　　　*Defendants*. | Case No. 2:25-cv-4131<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** |

THIS MATTER comes before this Court on Defendants' motion to dismiss portions of the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon consideration of the amended complaint and the parties' briefing, the Court denies the motion in full for the following reasons.

First, Defendants argue that Students for Fair Admissions and Do No Harm should be dismissed as Plaintiffs because they lack associational standing. But the complaint plausibly alleges that both entities have at least one member who is "able and ready" to apply or reapply to Geffen. *Cleveland Branch, NAACP v. Parma*, 263 F.3d 513, 524 (6th Cir. 2001). And the individual plaintiff has standing for all claims and requested relief, which is sufficient because Article III requires only "one party with standing." *Rumsfeld v. FAIR*, 547 U.S. 47, 53 n.2 (2006).

Second, there is no basis to dismiss the class allegations or any potential remedies. Plaintiffs plausibly allege that Geffen, even after the Supreme Court's decision in *SFFA v. Harvard*, 600 U.S. 181 (2023), engaged in a scheme of intentional racial discrimination that, if proved at trial, supports punitive damages, mandatory injunctive relief, and other appropriate relief. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999); *Zhang v. Am. Gem Seafoods*, 339 F.3d 1020, 1041 (9th Cir. 2003); *Parents Involved v. Seattle Sch. Dist.*, 551 U.S. 723, 726-32 (2007); *Bacon v. Woodward*, 104 F.4th 744, 750 (9th Cir. 2024); *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971); *Howe v. Akron*, 801 F.3d 718, 753 (6th Cir. 2015). Defendants do not claim they are entitled to qualified immunity for post-*Harvard* conduct, which is all the amended complaint currently alleges. Even if the complaint alleges pre-*Harvard* conduct, its allegations defeat qualified immunity at this stage.

With respect to the class allegations, "'compliance with Rule 23 is not to be tested by a motion to dismiss.'" *Butcher v. Marysville*, 398 F. Supp. 3d 715, 727-28 (E.D. Cal. 2019). So Defendants' arguments on this point are "premature." *Painters & Allied*

*Trades Dist. v. Takeda Pharm.*, 520 F. Supp. 3d 1258, 1273 (C.D. Cal. 2021). In any event, the complaint plausibly alleges that the individual plaintiff's claims are "typical" of the class, *Wolin v. Jaguar Land Rover*, 617 F.3d 1168, 1175 (9th Cir. 2010), that there is at least one "common question," *Wal-Mart v. Dukes*, 564 U.S. 338, 359 (2011), and that the common questions predominate over any questions affecting only individual members, *Gratz v. Bollinger*, 539 U.S. 244, 262 (2003); Fed. R. Civ. P. 23(b)(3).

Third, there is no basis to dismiss any individual defendant. With respect to Chancellor Frenk, he is a proper *Ex parte Young* defendant regarding the use of race in admissions. *Coalition to Def. Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). Plaintiffs have also plausibly alleged that former chancellor Block—among other things—led, acquiesced in, and was culpably indifferent to Geffen's apparent use of race in admissions. Those allegations, if proved at trial, are sufficient to state a claim for damages under 42 U.S.C. §1981, §1983, and the Unruh Civil Rights Act. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Amin v. Quad/Graphics*, 929 F. Supp. 73, 78 (N.D.N.Y. 1996); *Gurrola v. Jervis*, 2009 WL 9548218, at *9 (C.D. Cal. Apr. 2).

Fourth, plaintiffs plausibly allege a violation of California's Unruh Act. Geffen has not carried its burden to prove discretionary-act immunity at the pleading stage. *Bakos v. Roach*, 108 Cal. App. 5th 390, 400-02 (2025); *AE ex rel. Hernandez v. Tulare*, 666 F.3d 631, 639 (9th Cir. 2012). And the complaint plausibly alleges that denying someone admission based on race is not an act of "discretion" that state law "vested" in anyone at Geffen. *Lema v. Bd. of Trs. of Calif. State Univ. Sys.*, 2023 WL 3572882, at *7 (S.D. Cal. May 17). Finally, at least with respect to admissions, Plaintiffs plausibly allege that Geffen operates as a "business establishment" and is therefore "subject to the Unruh Act" when it "discriminates in [that] capacity." *Nartey v. Regents of Univ. of Calif.*, 2024 WL 566882, at *5-6 (Cal. Ct. App. Feb. 13); *Brennon B. v. Superior Ct.*, 13 Cal. 5th 662, 681 (2022).

* * *

It is hereby ORDERED that the Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is DENIED.

[SIGNATURE PAGE FOLLOWS]

Dated: _____

Hon. John W. Holcomb
United States District Judge