UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM et al.<br><br>                                    *Plaintiffs*,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>                                    *Defendants*. | Case No. 2:25-cv-04131-JWH-JDE<br><br>STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS<br><br>DISCOVERY MATTER |

Based on the Stipulation by and between Plaintiffs (Students for Fair Admissions ("SFFA"), Do No Harm, and Kelly Mahoney) and Defendants (Regents of the University of California, Julio Frenk, Gene Block, and Jennifer Lucero) (together, "Parties" individually, "Party") (Dkt. 72) and for good cause shown, the Court finds and orders as follows.

1. **DEFINITIONS**

(a)    "Action" means *Do No Harm et al. v. Regents of the University of California et al.*, No. 2:25-cv-4131-JWH-JDE (C.D. Cal.).

(b)    "Discovery Material" means all items or information, including from any nonparty, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery

1

in this Action pursuant to the Federal Rules of Civil Procedure, a court order, or any other agreement or stipulation by or among the Parties. For the avoidance of doubt, the definition of Discovery Material includes information exchanged between the Parties and their counsel during discovery, including during conferences among the Parties and their counsel about information requested during discovery.

(c)    "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" includes the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

(d)    "Document" means all items listed in Federal Rules of Civil Procedure 34(a)(1)(A) & (B).

(e)    "DGSOM" means the David Geffen School of Medicine at the University of California–Los Angeles.

(f)    "Producing Party" means any Party or nonparty that discloses or produces any Discovery Material in this Action.

(g)    "Protected Material" means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as provided for in this Order.

(h)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)    "Termination Date" means the later of (1) the date on which all claims of any Party are dismissed with or without prejudice, or (2) the date on which all appeals, reconsiderations, or remands have been exhausted following the entry of a final judgment by this Court.

2.    **PURPOSES AND LIMITATIONS**

(a)    This Protective Order applies to discovery materials whether the Documents are produced by a party or a person or entity who is not a party to this Action (a "nonparty"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

(b)    Unless otherwise agreed by the Parties, Protected Material shall be used by a Receiving Party for the sole purpose of litigating this Action, and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever. A Receiving Party shall not attempt to identify or learn or verify the name, Social Security number, date of birth, street address, email address, telephone number, or other contact information of any DGSOM students or applicants, or their family members, who are not members of Do No Harm or SFFA from any Protected Material unless the Receiving Party demonstrates that it requires this information to support its claims or defenses. The Receiving Party may not use Protected Material in connection with contacting any DGSOM students or applicants unless the Receiving Party demonstrates that it must do so to support its claims or defenses. In the event a Receiving Party asserts it must (a) identify or learn or verify the name, date of birth, street address, email address, telephone number, or other contact information of any DGSOM students or applicants, or their family members, who are not members of Do No Harm or SFFA from any Protected Material in order to support its claims or defenses, or (b) use Protected Material to contact any DGSOM students or applicants in order to support its claims or defenses, the Parties shall confer in good faith within ten (10) days after the Receiving Party notifies the Producing Party that it requires this information. If the Parties are unable to reach an agreement, the Receiving Party may make an appropriate application to the Court. During the pendency of any such application, the Receiving Party shall not (i) attempt to identify or learn or verify the name, date of birth, street address, email address, telephone number, or other

3

contact information of any DGSOM students or applicants, or their family members, who are not members of Do No Harm or SFFA from any Protected Material, or (ii) use information learned from any Protected Material to contact any DGSOM students or applicants. Nothing in this Order prevents a Receiving Party from contacting or being contacted by DGSOM students or applicants using means other than Protected Material.

(c)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation. The Parties further acknowledge, as set forth in Section 13, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 of the United States District Court of the Central District of California sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 3.    SCOPE

(a)     The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel made in Court or in other settings that might reveal Protected Material, including, for example, during conferences among the Parties and their counsel about information requested during discovery.

(b)    Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who previously prepared or received the Discovery Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing, provided that the Party complies with this Order and, as appropriate, with any applicable rules regarding the filing under seal and use of material designated for protection. A Producing Party may consent in writing to the public filing and/or use of its Protected Materials by another Party.

(d)    Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including, without limitation, on the basis of relevance, burden, expense, privilege, or other evidentiary immunity).

(e)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all or an order that certain Protected Materials do not qualify for protection or the level of protection designated.

**4.    <u>DURATION</u>**

Even after the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

**5.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

(a)    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with

this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party in a secure manner and at a location that ensures that access is limited to the persons authorized under this Order.

(b)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel for a Receiving Party from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(c)    Limitations. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that has been lawfully acquired and is known to the Receiving Party independent of the Producing Party; (iii) that has been previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a nonparty without an obligation of confidentiality and not by inadvertence or mistake; (iv) consented to by the Producing Party; or (v) ordered by the Court.

## 6.    **DESIGNATING PROTECTED MATERIAL**

(a)    Available Designations. Any Producing Party may designate Discovery Material with either of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."

(b)    Written Discovery and Documents and Tangible Things. Written discovery, documents (including electronically stored information ("ESI"), as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations in paragraph 6(a)

may be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, to each page of the written material that contains Protected Material at the time that such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed. For digital files being produced, the Producing Party may mark each viewable page or image that contains Protected Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation. Material produced in native format (including but not limited to material produced in Excel) containing Protected Material shall be designated by (i) producing a TIFF (or similar electronic) placeholder image corresponding to the native material that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" legend and (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the file name of the native material, where practicable.

(c)    <u>Materials Made Available for Inspection</u>. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the appropriate designation to each page of a document that contains Protected Material.

(d)    <u>Information Exchanged During Conferences Among the Parties and Their Counsel</u>: Prior to producing Discovery Material, a Producing Party need not designate such information for protection.  During such time, including during the meet-and-confer process regarding information requested during discovery, all Discovery Material—including information exchanged during conferences among the Parties and their counsel—shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Prior to producing any such Discovery Material, the Producing Party must determine which Discovery Material, or portions thereof, qualify for protection under this Order, and must affix the appropriate designation to such Discovery Material.

(e)    <u>Depositions</u>. Parties or testifying persons or entities may designate depositions with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty-one (21) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in

this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties or order of the Court." Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, the stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall apply only to the specific periods of examination or testimony that pertain or relate to such Protected Material.

      (f)    <u>Discovery Material Designated as "CONFIDENTIAL."</u>

      A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that it believes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c). Examples of such information include material that a Party reasonably and in good faith believes to contain or to disclose information that the Party, in the ordinary course of business, does not or would not publicly disclose, or information that a Party is under a preexisting obligation to maintain as confidential. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

      (1)    The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel's law firm (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

      (2)    Officers, directors, and employees (including in-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(3)　　Any testifying expert (hereinafter "Testifying Expert") or non-testifying expert (hereinafter "Consulting Expert") retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Any "Agreement to Be Bound by Protective Order" signed by a Party's Consulting Expert does not need to be disclosed or circulated to other Parties until the Termination Date.  Any "Agreement to Be Bound by Protective Order" signed by a Party's Testifying Expert does not need to be disclosed or circulated to other Parties until disclosure of that Testifying Expert is required pursuant to the Federal Rules of Civil Procedure;

(4)　　The Court, jury, and court personnel, pursuant to paragraph 10 and any applicable rules regarding the filing and/or use of materials designated for protection;

(5)　　Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(6)　　Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services (including, but not limited to, mock jurors), to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(7)　　Any other person with the prior written consent of the Producing Party or by order of the Court.

10

(g)    Discovery Material Designated as "HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY."

(1)    A Producing Party may designate Discovery Material as
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains
or reflects sensitive personal information or information that is trade secret
and/or commercially sensitive and that must be protected from disclosure. Ex-
amples of such information or material include trade secrets and other propri-
tary information; confidential business information and practices; financial in-
formation; sensitive personal information, including applicant and student in-
formation; material that a Party is under a pre-existing obligation to a nonparty
to treat as personal or confidential.

(2)    All Protected Materials designated "HIGHLY CONFIDEN-
TIAL – ATTORNEYS' EYES ONLY" shall be produced electronically or in
hard copy, in a manner agreed to by the Parties or ordered by the Court. To the
extent any such materials are produced electronically, the production media
shall be encrypted with a passcode of at least 10 characters. Any electronic cop-
ies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" maintained by a Receiving Party or its Counsel for archival, re-
view, or use in prosecuting this action, shall also be maintained in an encrypted
environment.

(3)    Printed copies of materials designated "HIGHLY CONFI-
DENTIAL – ATTORNEYS' EYES ONLY" maintained by the Receiving Party
must be kept in a locked storage container or room when not in use.

(4)    Except as expressly provided in this Order, absent express
written permission from the Producing Party, the Receiving Party shall mini-
mize the creation of copies, duplicates, or images (whether electronic or in hard
copy) of Discovery Materials designated "HIGHLY CONFIDENTIAL – AT-
TORNEYS' EYES ONLY." Wherever possible, such materials shall be

11

referenced in correspondence between the Parties, in pleadings, or in Court filings by production Bates number, and images or copies of such materials shall not be included. To the extent that a Receiving Party reasonably needs to create copies, duplicates or images of such materials, the copies, duplicates, or images must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

(5)    Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(i)    The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(ii)    Receiving Party's in-house counsel, as well as employees of said in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(iii)    Any Testifying Expert or Consulting Expert retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such expert or consultant (and any reasonably necessary assistants or support staff) has  agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Any "Agreement to Be Bound by Protective Order" signed by a Party's Consulting Expert does not need to be disclosed or circulated to other Parties until the Termination Date. Any "Agreement to Be Bound by Protective Order" signed by a Party's Testifying Expert does not need to be

12

disclosed or circulated to other Parties until disclosure of that Testifying Expert is required pursuant to the Federal Rules of Civil Procedure;

(iv)    The Court, jury, and court personnel, subject to paragraph 10 and any applicable rules regarding the filing and/or use of materials designated for protection;

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi)    Document processing and hosting vendors, and graphics, design, and/or trial consulting services to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii)    Any other person with the prior written consent of the Producing Party or by order of the Court.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

(b)    <u>Method of Challenge</u>. A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within twenty-one (21) days of receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within seven (7) days after the challenging party has received the Producing Party's bases for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may seek relief

13

from the Court under Local Civil Rule 37-1, et seq. Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

## 8. USE AT DEPOSITIONS

Any deponent may be shown or examined on any information, document or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is employed by the Party who produced the information, document or thing, or if the Producing Party consents in writing to such disclosure. The disclosure of Protected Material to any such witness may be made only in connection with preparing that witness for a deposition or hearing, or during a deposition or hearing.  Prior to the disclosure of such Protected Material to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound by the terms of such Order, and shall secure the signature of such person on a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

For depositions, the Receiving Party shall not prepare more copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" than are reasonably necessary for the deponent, his or her counsel, counsel for the Parties, and counsel of record expected to be in attendance.  At the conclusion of the deposition, one (1) paper copy of any such document marked as a deposition exhibit may be retained by the Party who noticed the deposition as part of the official deposition record.  All other copies of such documents brought to the deposition shall be collected and returned to the Producing Party or securely destroyed in a timely manner following the deposition.

## 9. OUTSIDE COUNSEL AND EXPERTS

Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated

14

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including any Discovery Material disclosed prior to production (*e.g.* during conferences between the Parties and their counsel about information requested during discovery), shall not disclose, use, or apply such information or items for any purpose other than for work or services performed in the scope of this Action.

**10.    USE IN THIS ACTION**

The status and designation of information or material as "CONFIDEN-TIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be lost or impaired by use of such information or material in this Action or any appeal therefrom.  Whenever any Protected Material must be filed with the Court, Parties shall file and/or lodge those papers in a manner that is consistent with the Federal Rules of Civil Procedure, Local Rule 79-5 of the United States District Court for the Central District of California, the Federal Rules of Appellate Procedure, or the Ninth Circuit Local Rules, as applicable. If the need arises for any party to disclose any Protected Material in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the Producing Party who, after a good-faith effort to meet and confer, may seek additional relief from this Court.

**11.    NONPARTIES**

A copy of this Protective Order shall be furnished to each nonparty required to produce documents or who otherwise formally discloses information in response to discovery requests during this litigation. Such nonparties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

**12.    PROTECTED MATERIAL SUBPOENAED**

If a Receiving Party is served with a subpoena or an order issued in another action that seeks disclosure of any information or items designated in this

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must notify the Producing Party of that request in writing promptly and in no event more than seven (7) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the Producing Party in this Action an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking protection in that court of its confidential material. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed party to disobey a lawful directive from this or another court.

## 13.    **FILING PROTECTED MATERIAL**

Except as otherwise provided in this Order or otherwise ordered by the Court, any Party wishing to file any Protected Material must either (1) obtain written permission from the Producing Party to file such material in the public record, or (2) move the Court for leave to file the Protected Material under seal pursuant to Local Rule 79-5. Nothing herein shall preclude any Party from filing a redacted version of such a pleading, brief, exhibit or other document in the public record that omits the Protected Material.

## 14.    **REDACTIONS**

Pursuant to and consistent with the Federal Rules of Civil Procedure, any Producing Party may redact information from the documents and things

produced that the Producing Party reasonably and in good faith believes (i) is subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity; or (ii) for which there is a substantial need to redact the information. The Producing Party shall denote any such redactions with a legend stating "REDACTED," as appropriate, or a comparable notice, and shall preserve an unredacted version of each such document.  To the extent a dispute arises regarding the Producing Party's redactions, the Receiving Party may challenge any redaction consistent with the Federal Rules of Civil Procedure.

**15.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS**

(a)    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the attorney-client privilege, work product protection, or any other privilege or protection shall not be waived, in this Action or in any other proceeding, by inadvertent disclosure. More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto because the documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including, without limitation, during a deposition). After being notified of an inadvertent disclosure pursuant to Rule 26(b)(5)(B), and if a Party does not dispute the protected nature of the document(s), all copies of such document(s) shall be returned to the Producing Party or be destroyed within five (5) days of the notice.

(b)    If a dispute arises concerning the protected nature of the document(s) that the Producing Party claims were inadvertently disclosed pursuant to Rule 26(b)(5)(B) and paragraph 15(a), the Parties shall meet and confer within 14 days from the date the dispute arises in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, within 14 days following the meet and confer the Producing Party may file a motion seeking a protective

17

order protecting the document(s) at issue from being further disclosed and re-quiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity. The material that the Producing Party contends was inadvertently disclosed shall be treated as covered by the claimed privilege, work product immunity, or other immunity during the pendency of these discussions and any ensuing mo-tion practice. The Receiving Party will not use or refer to any information con-tained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by the Court.

**16.    INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected un-der one of the categories of this Order upon learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with a copy bearing the correct confidentiality designation, consistent with the terms of this Order, within seven (7) days of notifying the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all copies of any Discovery Materials bearing the previous designation.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in paragraph 16(a). Once a Producing Party gives the notice described in para-graph 16(a), the Receiving Party shall treat such Discovery Material at the new designated level pursuant to the terms of this Order.

**17.  INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve, or confirm the destruction of, all copies of documents that it distributed or disclosed to persons not authorized to access such information, and to ensure that no further or greater unauthorized disclosure and/or use of the improperly disclosed Discovery Material is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

**18.  EXPERT MATERIALS**

(a)    All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent with this Order.

(b)    The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be attorney work product and confidential:

(1)    A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

(2)    A Testifying Expert's (i) drafts of expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection

with this action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this action or any other action; or (iii) other preliminary expert opinions or draft materials;

(3)    Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action;

(4)    Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

(5)    Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

(c)    The Parties will make all disclosures required by Rule 26(a)(2)(B).

(d)    Nothing herein shall limit or waive any Party's rights to object for any reason to the admissibility of any opposing Party's expert submission into evidence or to the qualifications of any person to serve as an expert witness.

## 19.    <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the Termination Date each Receiving Party must either destroy or return to the Producing Party all Protected Material and all copies, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 45-day deadline established herein that confirms all the

Protected Material in its possession was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any Protected Material.

For materials that contains or reflects Protected Material but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with this Court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

## 20. __MISCELLANEOUS__

(a) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

(b) <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. The Court shall retain jurisdiction after final termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c) <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees,

1    agents, retained consultants and experts, and any persons or organizations over

2    which they have direct control.

3        (d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

4    Protective Order, no Party waives any right it otherwise would have to object to

5    disclosing or producing any information or item. This Order shall not constitute

6    a waiver of the right of any Party to claim in this action or otherwise that any

7    Discovery Material, or any portion thereof, is privileged or otherwise non-dis-

8    coverable, or is not admissible in evidence in this action or any other proceeding.

9    Stipulating to entry of this Protective Order shall not prejudice in any way the

10   rights of a Party to petition the Court for a further protective order relating to

11   any confidential information, nor prevent the Parties from agreeing in writing

12   or on the record during a deposition or hearing in this Action to alter or waive

13   the provisions or protections provided for herein with respect to any particular

14   information or material.

15       (e)    <u>Modification by Court</u>. The United States District Court for the

16   Central District of California is responsible for the interpretation and enforce-

17   ment of this Order. All disputes concerning Protected Material, however desig-

18   nated, produced under the protection of this Order shall be resolved by the

19   United States District Court for the Central District of California.

20       (f)    <u>Bound by Order</u>. All persons who have access to information or ma-

21   terial designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" under this Protective Order acknowledge that

23   they are bound by this Order, and that they submit to the jurisdiction of this

24   Court for purposes of enforcing this Order.

25       (g)    <u>Discovery Rules Remain Unchanged</u>. Except as expressly provided

26   herein, nothing in this Order shall alter or change in any way the discovery pro-

27   visions of the Federal Rules of Civil Procedure, the Local Rules for the United

28   States District Court for the Central District of California, or the Court's own

orders entered in this Action. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders entered in this Action.

IT IS SO ORDERED.

Dated: November 14, 2025

_____
John D. Early
United States Magistrate Judge

23

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name],

of _____ [print or

type full company name or address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on

_____, 2025 [print date issued] in the case of *Do No Harm v. Regents of*

*University of California*, No. 2:25-cv-04131-JWH-JDE. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termi-

nation of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____