1  HARMEET K. DHILLON
   Assistant Attorney General
2  JESUS A. OSETE
   Principal Deputy Assistant Attorney General
3  JEFFREY MORRISON (MO No. 44401)
   Acting Chief, Educational Opportunities Section
4  JOHN P. MERTENS (CA No. 252762)
   Acting Deputy Chief, Educational Opportunities Section
5  BRIAN REPPER (VA No. 90254)
   Trial Attorney, Educational Opportunities Section
6  Civil Rights Division
7  U.S. Department of Justice
        950 Pennsylvania Ave. NW
8       Washington, DC 20530
        Telephone: (202) 598-9726
9       Email: john.mertens@usdoj.gov
10

11 TODD BLANCHE
   Deputy Attorney General
12 BILAL A. ESSAYLI
   First Assistant United States Attorney
13 JULIE A. HAMILL (CA No. 272742)
   Assistant United States Attorney
14 United States Attorney's Office
        300 North Los Angeles Street, Suite 7516
15      Los Angeles, California 90012
        Telephone: (213) 894-2464
16      E-Mail: julie.hamill@usdoj.gov
17

18 ATTORNEYS FOR PLAINTIFF-INTERVENOR
   UNITED STATES OF AMERICA
19
                **UNITED STATES DISTRICT COURT**
20              **CENTRAL DISTRICT OF CALIFORNIA**

21 DO NO HARM, et al.,                    | Case No. 2:25-cv-04131-JWH-JDE
                    *Plaintiffs*,
22           and                          | UNITED STATES OF AMERICA'S
23                                         | NOTICE OF MOTION AND OPPOSED
                                          | MOTION TO INTERVENE
24 UNITED STATES OF
   AMERICA,                               | Hearing Date:   February 27, 2026
25            *Plaintiff-Intervenor*,      | Hearing Time:   9:00 a.m.
                                          | Ctrm:           9 D
26       v.                               | Hon.            John W. Holcomb
27 DAVID GEFFEN SCHOOL OF
   MEDICINE AT UCLA, et al.,
28

*Defendants.*

**NOTICE OF MOTION AND MOTION TO INTERVENE**

PLEASE TAKE NOTICE that proposed Plaintiff-Intervenor, the United States, will, and hereby does, move this Court for leave to intervene in this action pursuant to Fed. R. Civ. P. 24, and the statutory authority in 42 U.S.C. § 2000h-2, for the reasons further articulated in the concurrently filed memorandum. Plaintiff in this action seeks relief for a violation of the Equal Protection Clause of the Fourteenth Amendment on the basis of race, and the Attorney General of the United States has certified the case to be of general public importance.

This motion is based on this Notice, the attached Memorandum in Support, the Proposed Complaint in Intervention, the Certification of the Attorney General, the documents and evidence in the record, and any argument the Court may hear. A proposed Order accompanies this motion.

Prior to filing, counsel for the United States met and conferred with counsel for the Plaintiffs on January 23, 2026, and with counsel for the Defendants on January 26, 27, and 28, 2026. Plaintiffs do not oppose intervention. Defendants take no position on the motion.

DATED: January 28, 2026.                Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney
General
JEFFREY MORRISON
Acting Chief, Educational Opportunities
Section

*/s/ John P. Mertens*
JOHN P. MERTENS
Acting Deputy Chief, Educational
Opportunities Section
BRIAN REPPER
Trial Attorney, Educational
Opportunities Section
Civil Rights Division

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney
United States Attorney's Office

ATTORNEYS FOR PLAINTIFF-
INTERVENOR
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The United States respectfully moves under Federal Rule of Civil Procedure 24 to intervene in this action to remedy significant violations of the U.S. Constitution arising from the David Geffen School of Medicine at UCLA's ("UCLA Med") use of racial and ethnic preferences in admission to medical school. As set forth in the proposed Complaint in Intervention, UCLA Med evaluates candidates for admission to medical school based, in part, on their race and ethnicity in violation of the Equal Protection Clause of the United States Constitution.

As shown below, the United States should be granted intervention as of right on two grounds. First, the United States has an unconditional statutory right to intervene. *See* Fed. R. Civ. P. 24(a)(1); 42 U.S.C. § 2000h-2. Second, the United States may intervene as of right because it has significant interests in this case that may, as a practical matter, be impeded by disposition of this case and cannot be adequately represented by the other parties. *See* Fed. R. Civ. P. 24(a)(2). Furthermore, given that an amended complaint was filed only recently, the United States' motion is timely. *Id*. The Proposed Complaint in Intervention ("Complaint") is attached hereto as Exhibit 1.

### II.    BACKGROUND

UCLA Med is a part of the state-run University of California school system. The leadership of UCLA Med has expressed disagreement with and hostility towards the colorblind, ethnicity-blind, admissions standards required by the US Supreme Court in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 143 S. Ct. 2141, 216 L. Ed. 2d 857 (2023). In contravention of the decision determining that using racial and ethnic preferences constitutes a violation of the US Constitution's guarantee of Equal Protection, UCLA Med continues to engage in racial preferences to balance the racial makeup of its student body.

Do No Harm, Students for Fair Admissions, and Kelly Mahoney have filed a

1

lawsuit against the officials who operate UCLA Med to vindicate these important Equal Protection rights. The First Count in their complaint seeks to vindicate equal protection rights under the Fourteenth Amendment to the US Constitution, relying on 42 U.S.C. § 1983 to enjoin this discriminatory and illegal program.

The United States Attorney General has reviewed this action and determined it is a matter of general public importance. This case will provide relief to the several Plaintiffs, but will also relieve anyone who seeks to apply to medical school at UCLA Med the "injury," of "being forced to compete in a race-based system that may prejudice the[m]." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719, 127 S. Ct. 2738, 2751, 168 L. Ed. 2d 508 (2007).

## III.  ARGUMENT

### A.    The United States Has an Unconditional Statutory Right to Intervene.

The United States' motion to intervene should be granted under Rule 24(a)(1) because Section 902 of the 1964 Civil Rights Act confers on the United States an unconditional right to intervene in this action. Section 902 provides:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2.

This action claims that UCLA Med violates equal protection by engaging in outright racial balancing in its admissions policies and practices. Plaintiffs' Second Amended Complaint ¶¶ 134. Furthermore, the United States Attorney General has certified that this case is of "general public importance." *See* Certificate of the Attorney General, attached as Exhibit 2. Accordingly, Section 902 entitles the United States to intervene as of right in this action. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009); *Melendres v. Skinner*, 113 F.4th 1126, 1129 n.3

2

(9th Cir. 2024). Furthermore, as explained in Section III.B.1 *infra*, the United States' motion is timely.

**B.    The United States May Intervene as of Right Under Rule 24(a)(2).**

The United States' motion to intervene should also be granted as of right under Rule 24(a)(2). Under this rule, an applicant is entitled to intervene when:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). While the applicant has the burden to show each element, they "are broadly interpreted in favor of intervention." *Citizens for Balanced Use, supra*, 647 F.3d at 897. "We construe Rule 24(a) liberally in favor of potential intervenors." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006).

1.    <u>The United States' Motion is Timely</u>

First, there is no reasonable dispute that the United States' motion is timely. Timeliness focuses on "three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)).

Each of these factors weighs towards granting intervention here. A motion to dismiss was granted in part with leave to amend by January 9, 2026, the Plaintiffs filed their Second Amended Complaint on December 23, 2025, and the United States moved to intervene less than one month later. This litigation is at an early stage. Discovery has just begun, and is set to continue for approximately one year, and no response is yet on file to the Plaintiffs' Second Amended Complaint. There has been

1    no delay and, consequently, no prejudice to the other parties.

2             2.    <u>The United States Has a Significant Protectable Interest in This</u>

3                   <u>Action.</u>

4          The United States has a significant, protectable interest in ensuring that state

5    governments do not violate the Fourteenth Amendment. "The requirement of a

6    significantly protectable interest is generally satisfied when the interest is protectable

7    under some law, and there is a relationship between the legally protected interest and

8    the claims at issue." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir.

9    2010) (quotation and alteration marks omitted). "Whether an applicant for

10    intervention as of right demonstrates sufficient interest in an action is a practical,

11    threshold inquiry, and no specific legal or equitable interest need be established."

12    *Citizens for Balanced Use, supra*, 647 F.3d at 897 (quotation and alteration marks

13    omitted). This interest need not rise to the level required for Article III standing,

14    provided that the applicant "seek[s] the same relief sought by at least one existing

15    party to the case…" *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc*., 54

16    F.4th 1078, 1085 (9th Cir. 2022) (citing *Little Sisters of the Poor Sts. Peter and Paul*

17    *Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). Plaintiffs and the United States

18    both seek to enjoin the use of race as a factor in the admissions decisions of UCLA

19    Med under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth

20    Amendment.

21          It is well settled that "the United States suffers a concrete harm to its

22    sovereignty when its laws are violated." *La Unión del Pueblo Entero v. Abbott*, 604

23    F. Supp. 3d 512, 526 (W.D. Tex. 2022); *accord Vt. Agency of Natural Res. v. United*

24    *States*, 529 U.S. 765, 771 (2000) (United States suffers an "injury to its sovereignty

25    arising from violation of its laws"); *cf. Berger v. N.C. State Conf. of the NAACP*, 597

26    U.S. 179, 191 (2022) ("No one questions that States possess 'a legitimate interest in

27    the continued enforce[ment] of [their] own statutes.'") (quoting *Cameron v. EMW*

28    *Women's Surgical Ctr*., 595 U.S. 267, 277 (2022) (citations and internal quotations

omitted) (brackets in original)). Furthermore, the Ninth Circuit has recognized that the Attorney General has a "protectable interest" arising from the "administration and enforcement of the laws[.]" *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981); *see also, United States v. Idaho*, 623 F. Supp. 3d 1096, 1107 (D. Idaho 2022) ("the United States' sovereign interests are harmed when its laws are violated.")

Congress has passed a statute to enforce the rights set forth in the Fourteenth Amendment. 42 U.S.C. § 1983. It has also authorized the Attorney General to intervene in such suits. 42 U.S.C. § 2000h-2. Numerous courts have found that the Attorney General's sovereign interest in enforcing the Fourteenth Amendment is strong enough to support Article III standing, which exceeds what Rule 24(a)(2) requires. *See United States v. City of Jackson*, 318 F.2d 1, 14-17 (5th Cir. 1963) (citing *In re Debs*, 158 U.S. 564, 584-86 (1895)) ("When a State … by a law or pattern of conduct, takes action motivated by a policy which collides with … the Constitution, the interest of the United States … gives it standing…") The United States therefore has a "significant protectable interest" in this litigation.

       3.   <u>Disposition of This Case May Impede the United States' Interests</u>

The United States' ability to protect the substantial legal interest described above would, as a practical matter, be impaired absent intervention in this case. The Ninth Circuit's rule is "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citing Fed. R. Civ. P. 24 advisory committee's notes).

The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant the United States' intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (intervention was necessary to protect state intervenor's interest where case might "have a precedential impact regarding the availability of an enforceable right of action"); *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 400 (9th Cir. 2002) (*amicus*

5

*curiae* status may be insufficient to protect rights of applicant for intervention "because such status does not allow [applicant] to raise issues or arguments formally and gives [applicant] no right of appeal"); *Smith v. Pangilinan, supra*, 651 F.2d at 1325 ("In appropriate circumstances, . . . stare decisis may supply the requisite practical impairment warranting intervention of right.").

        4.   The United States' Interests Are Not Adequately Represented

      Finally, the United States' interests in this litigation are not adequately represented by the existing parties to the case. "The [proposed intervenor's] burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use, supra*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are relevant: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki, supra*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

      The existing parties cannot adequately represent the United States' interests because no private party may adequately represent the United States' sovereign interest in ensuring enforcement of fundamental rights under the Constitution. "[T]he United States has an interest in enforcing federal law that is independent of any claims of private citizens." *United States v. E. Baton Rouge Sch. Dist.*, 594 F.2d 56, 58 (5th Cir. 1979); *see also EEOC v. Pemco Aeroplex*, 383 F.3d 1280, 1291 (11th Cir. 2004) ("Quite simply, it is so unusual to find privity between a governmental agency and private plaintiffs because governmental agencies have statutory duties, responsibilities, and interests that are far broader than the discrete interests of a private party."). Thus, "[a]ggrieved individuals … lack the required 'identity of

6

interests' with government agencies." *Acosta v. Idaho Falls Sch. Dist. No. 91*, 291 F. Supp.3d 1162, 1168 (D. Idaho 2017). And absent "identical" interests, there can be no "adequate representation" under Rule 24(a)(2). *Berger, supra*, 597 U.S. at 195-96 (rejecting a presumption that the state board of elections adequately represented state legislators' interests merely because they were "related" to the board's interests). Accordingly, the United States meets this requirement for intervention.

### C.    The United States May Permissively Intervene Under Rule 24(b).

Timely intervention is permissible where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Complaint in Intervention shares with the main Complaint a nearly identical cause of action for violation of equal protection due from UCLA Med. Timeliness is demonstrated by the discussion above. The common questions of law and fact are that the Plaintiffs and the United States both bring claims asserting the factual question of whether UCLA Med utilized racial preferences in admissions, and if so, the legal question of whether that violates the equal protection rights of Americans.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to intervene and order its intervention in this action.

1  DATED: January 28, 2026.                    Respectfully submitted:

2

3                                              HARMEET K. DHILLON
                                               Assistant Attorney General
                                               JESUS A. OSETE
4                                              Principal Deputy Assistant Attorney
                                               General
5                                              JEFFREY MORRISON
                                               Acting Chief, Educational Opportunities
6                                              Section

7

8                                              /s/ John P. Mertens
                                               JOHN P. MERTENS
9                                              Acting Deputy Chief, Educational
                                               Opportunities Section
10                                             BRIAN REPPER
                                               Trial Attorney, Educational
11                                             Opportunities Section
                                               Civil Rights Division
12

13

14                                             TODD BLANCHE
                                               Deputy Attorney General
15                                             BILAL A. ESSAYLI
                                               First Assistant United States Attorney
16

17                                             /s/ Julie A. Hamill
                                               JULIE A. HAMILL
18                                             Assistant United States Attorney
                                               United States Attorney's Office
19

20                                             ATTORNEYS FOR PLAINTIFF-
                                               INTERVENOR
21                                             UNITED STATES OF AMERICA

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff-Intervenor, certifies that this brief contains 2,301 words, which complies with the word limit of L.R. 11-6.1

Dated: January 28, 2026

/s/ *Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney