1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

DO NO HARM, et al.,

      *Plaintiffs*,

v.

THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA, et
al.,

      *Defendants*.

Case No. 2:25-cv-04131-JWH-JDE

**DEFENDANTS' ANSWER TO
SECOND AMENDED CLASS
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL AND
AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants The Regents of the University of California ("The Regents"), Julio Frenk ("Frenk"), Gene Block ("Block"), and Jennifer Lucero ("Lucero") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and assert affirmative defenses as follows to Plaintiffs' Second Amended Complaint.

Except as hereinafter expressly admitted, Defendants deny each and every allegation, statement, and matter contained in the Second Amended Complaint and, in particular, deny that they have engaged in racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, or 42 U.S.C. § 1981.  To the extent the paragraphs in the Second Amended Complaint are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Defendants deny each heading and sub-heading in the Second Amended Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.  To the extent Defendants respond that a document or source speaks for itself, or refer the Court to a document or source for a complete and accurate description of its contents, such assertion shall not be deemed to be an admission that the contents of any such document or source or truthful, accurate, or complete.  Any allegations contained in the Second Amended Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Defendants generally deny any averments in the Second Amended Complaint's unnumbered paragraphs, captions, footnotes, and prayer for relief.

Defendants reserve the right to amend this answer and to assert other defenses as this action proceeds.

Pursuant to the foregoing, Defendants respond to the numbered paragraphs

in the Second Amended Complaint as follows:

1.    Defendants deny the allegations in the first sentence of paragraph 1. The second sentence of paragraph 1 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 1.

2.    Paragraph 2 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 2.

3.    To the extent paragraph 3 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Paragraph 3 also states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants admit that California voters approved Proposition 209 in 1996, and otherwise deny the remaining allegations of paragraph 3.

4.    Denied.

5.    Defendants admit that the case *Students Against Racial Discrimination v. Regents of the Univ. of Cal.*, No. 8:25-cv-00192, is pending before the Court. Defendants otherwise deny the remaining allegations of paragraph 5.

6.    To the extent paragraph 6 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the allegations of paragraph 6.

7.    Defendants admit that Jennifer Lucero became Associate Dean for Admissions at David Geffen School of Medicine ("DGSOM") in 2020.  Defendants deny the remaining allegations of paragraph 7.

8.    Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 regarding statements

allegedly made by "whistleblowers," and on that basis deny them. Defendants deny the remaining allegations of paragraph 8.

9.    Denied.

10.    Denied.

11.    Defendants admit that federal agencies have initiated investigations into DGSOM's admissions practices, and otherwise deny the remaining allegations of paragraph 11.

12.    Denied.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13, and on that basis deny them.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14, and on that basis deny them.

15.    Paragraph 15 states legal conclusions and Plaintiffs' characterizations of their claims, to which no response is necessary.    To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15, and on that basis deny them.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16, and on that basis deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17, and on that basis deny them.

18.    Paragraph 18 states legal conclusions and Plaintiffs' characterizations of their claims, to which no response is necessary.    To the extent a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18, and on that basis deny them.

19.    Defendants admit that Plaintiff Kelly Mahoney applied and was denied admission to DGSOM.  Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19, and on that basis deny them.

20.    To the extent paragraph 20 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  To the extent a response is required, Defendants admit that the Board of Regents is the governing board of the University of California.  Defendants otherwise deny the allegations of paragraph 20.

21.    Paragraph 21 states legal conclusions and Plaintiffs' characterizations of their claims, to which no response is necessary.  To the extent a response is required, Defendants admit that Chancellor Frenk is, at the time of this filing, the current Chancellor of UCLA.  To the extent paragraph 21 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the remaining allegations of paragraph 21.

22.    Paragraph 22 states legal conclusions and Plaintiffs' characterizations of their claims, to which no response is necessary.  To the extent a response is required, Defendants admit that Chancellor Block was the Chancellor of UCLA from August 2007 to July 2024.  To the extent paragraph 22 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the remaining allegations of paragraph 22.

23.    Paragraph 23 states legal conclusions and Plaintiffs' characterizations of their claims, to which no response is necessary.  To the extent a response is required, Defendants admit that Associate Dean Lucero has been the Associate Dean of Admissions at DGSOM since 2020 and sits on the Admissions Policy and

Oversight Committee as an ex officio member.  To the extent paragraph 23 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the remaining allegations of paragraph 23.

24.    Paragraph 24 states conclusions of law, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 24.

25.    Paragraph 25 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants admit that they reside in the Central District of California and in the State of California.  Defendants otherwise deny the remaining allegations of paragraph 25.

26.    Defendants admit that DGSOM typically receives between 11,000 and 14,000 applicants and matriculates approximately 175 medical students each year.  Defendants further admit that DGSOM is highly selective.  Defendants otherwise deny the remaining allegations of paragraph 26.

27.    To the extent paragraph 27 purports to characterize, quote from, or summarize written documents or videos, those documents speak for themselves.  Defendants otherwise deny the allegations of paragraph 27.

28.    Admitted.

29.    Admitted.

30.    Defendants admit that DGSOM's admissions committee makes admissions decisions.  Defendants further admit that DGSOM does not make public who sits on the admissions committee, and that approximately five DGSOM students sit on the committee.  Defendants otherwise deny the remaining allegations of paragraph 30.

31.    Defendants admit that DGSOM's application-review process includes a primary application, secondary application, interview, committee deliberation, and a decision, but deny any implication that paragraph 31 provides a comprehensive description of the application review process.  Defendants otherwise deny the remaining allegations of paragraph 31.

32.    Admitted.

33.    Defendants admit that AMCAS sends applicants' primary application to DGSOM.  Defendants otherwise deny the remaining allegations of paragraph 33.

34.    To the extent paragraph 34 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the remaining allegations of paragraph 34.

35.    Defendants admit the allegations in the first sentence of paragraph 35. Defendants otherwise deny the remaining allegations of paragraph 35.

36.    Defendants deny the allegations in the first sentence of paragraph 36. To the extent paragraph 36 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity regarding the remaining allegations in paragraph 36, and on that basis deny them.

37.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity regarding the allegations in the first sentence of paragraph 37, and on that basis deny them.  Defendants deny the remaining allegations of paragraph 37.

38.    Admitted.

39.    To the extent paragraph 39 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants otherwise deny the remaining allegations of paragraph 39.

40.    Defendants admit that prior to being raised to $100 in 2025, the secondary application fee was $95.  Defendants otherwise deny the remaining allegations of paragraph 40.

41.    Admitted.

42.    Defendants admit that admissions committee members consider applications during admissions committee meetings but deny any implication that paragraph 42 provides a comprehensive description of the application review process, and otherwise deny the remaining allegations of paragraph 42.

43.    Defendants admit that the admissions committee ultimately decides to which applicants to offer admission, but deny any implication that paragraph 43 provides a comprehensive description of the application review process, and otherwise deny the remaining allegations of paragraph 43.

44.    Defendants admit that DGSOM application screeners, interviewers, and members of the Admissions Committee review applications holistically.  To the extent paragraph 44 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations, and on that basis denies them.

45.    Denied.

46.    To the extent paragraph 46 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants deny the remaining allegations of paragraph 46.

47.    To the extent paragraph 47 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 47, and on that basis deny them.

48.     To the extent paragraph 48 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 48.

49.     To the extent paragraph 49 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 49.

50.     To the extent paragraph 50 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 50.

51.     To the extent paragraph 51 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 51.

52.     To the extent paragraph 52 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 52.

53.     To the extent paragraph 53 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 53.

54.     To the extent paragraph 54 and its subparts purport to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 54 and its subparts.

55.     To the extent paragraph 55 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendants deny the remaining allegations of paragraph 55.

56.     Defendants admit that Associate Dean Lucero is the Associate Dean for Admissions and the Vice Chair for Inclusive Excellence in Anesthesiology at DGSOM.  Defendants deny the remaining allegations of paragraph 56.

57.     To the extent paragraph 57 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants deny the remaining allegations of paragraph 57.

58.     To the extent paragraph 58 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants deny the remaining allegations of paragraph 58.

59.     To the extent paragraph 59 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants deny the remaining allegations of paragraph 59.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Complaint, and on that basis denies them.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Defendants admit that DGSOM does not make the GPAs or MCAT scores of matriculants available to the public, and otherwise deny the allegations of paragraph 83.

84.   Defendants deny the allegations of illegal use of race in admissions. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 84, and on that basis deny them.

85.   Denied.

86.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of paragraph 86, and on that basis deny them.  Defendants deny the remaining allegations of paragraph 86.

87.   To the extent paragraph 87 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendants admit that federal agencies have initiated investigations into DGSOM's admissions practices but, lack knowledge or information sufficient to form a belief about the

truth or falsity of the remaining allegations of paragraph 87, and on that basis deny them.

88. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 88, and on that basis deny them.

89. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 89, and on that basis deny them.

90. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 90, and on that basis deny them.

91. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 91, and on that basis deny them.

92. Defendants deny that DNH-Member A—or any applicants to DGSOM—paid a fee to DGSOM related to either the primary application or the PREview Exam. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 92, and on that basis deny them.

93. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 93, and on that basis deny them.

94. Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 94, and on that basis deny them.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 95, and on that basis deny them.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 96, and on that basis deny them.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 97, and on that basis deny them.

98.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 98, and on that basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 99, and on that basis deny them.

100.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 100, and on that basis deny them.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 101, and on that basis deny them.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 102, and on that basis deny them.

103.    Denied.

104.    Denied.

105.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 105, and on that basis deny them.

106.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 106, and on that basis deny them.

107.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 107, and on that basis deny them.

108.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 108, and on that basis deny them.

109.   Defendants admit that Mahoney applied to DGSOM in 2023 and received an invitation to submit a secondary application.  Defendants deny that Mahoney paid a fee to DGSOM related to either the primary application or the PREview Exam.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 109, and on that basis deny them.

110.   Defendants admit that Mahoney did not receive an invitation to complete an interview from DGSOM.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 110, and on that basis deny them.

111.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 111, and on that basis deny them.

112.   Defendants deny the allegations in the first sentence of paragraph 112. Defendants lack knowledge or information sufficient to form a belief about the truth

or falsity of the allegations in the second sentence of paragraph 112, and on that basis deny them.

113.    Defendants admit that Mahoney submitted an application to DGSOM in the current admissions cycle, and that DGSOM has not yet informed her of a decision on that application.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 113, and on that basis deny them.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 114, and on that basis deny them.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 115 of the Complaint, and on that basis deny them.

116.    Paragraph 116 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 116.

117.    Paragraph 117 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 117.

118.    Paragraph 118 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 118.

119.    Paragraph 119 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations of paragraph 119.

120.    Paragraph 120 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent a response is required, Defendants deny the allegations of paragraph 120.

121.    Paragraph 121 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent that a response is required, Defendants deny the allegations in paragraph 121.

122.    Paragraph 122 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent that a response is required, Defendants deny the allegations in paragraph 122.

123.    Paragraph 123 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent a response is required, Defendants deny the allegations of paragraph 123.

124.    Paragraph 124 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent a response is required, Defendants deny the allegations of paragraph 124.

125.    Paragraph 125 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent a response is required, Defendants deny the allegations of paragraph 125.

126.    Paragraph 126 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent that a response is required, the Defendants deny the allegations in paragraph 126.

127.    Paragraph 127 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent that a response is required, Defendants deny the allegations in paragraph 127.

128.    Paragraph 128 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.   To the extent that a response is required, Defendants deny the allegations in paragraph 128.

129. Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

130. Paragraph 130 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent a response is required, Defendants deny the allegations of paragraph 130.

131. Paragraph 131 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent that a response is required, Defendants deny the allegations in paragraph 131.

132. Paragraph 132 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent a response is required, Defendants deny the allegations of paragraph 132.

133. Paragraph 133 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent a response is required, Defendants deny the allegations of paragraph 133.

134. Denied.

135. Denied.

136. Denied.

137. Defendants deny the allegations in the first sentence of paragraph 137. The allegations in the second sentence of paragraph 137 state conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent that a response is required, Defendants deny the allegations in the second sentence of paragraph 137.

138. Defendants deny the allegations in the first sentence of paragraph 138. The remaining allegations in paragraph 138 state conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary. To the extent that a response is required, Defendants deny the allegations in paragraph 138.

139.   Paragraph 139 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 139.

140.   Paragraph 140 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 140.

141.   Paragraph 141 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 141.

142.   Paragraph 142 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 142.

143.   Paragraph 143 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 143.

144.   Defendants deny the allegations in the first and second sentences of paragraph 144.  The remaining allegations in paragraph 144 state conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 144.

145.   Denied.

146.   Paragraph 146 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 146.

147.   Paragraph 147 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 147.

148.   Paragraph 148 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 148.

149.   Paragraph 149 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 149.

150.   Denied.

151.   Paragraph 151 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 151.

152.   Denied.

153.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

154.   Paragraph 154 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 154.

155.   Paragraph 155 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the remaining allegations of paragraph 155.

156.   Paragraph 156 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 156.

157.   Paragraph 157 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 157.

158.   Denied.

159.   Paragraph 159 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 159.

160.   Denied.

161.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

162.   Paragraph 162 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 162.

163.   Paragraph 163 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 163.

164.   Paragraph 164 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations of paragraph 164.

165.   Paragraph 165 states conclusions of law and Plaintiffs' characterization of their claims, to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations in paragraph 165.

166.   Denied.

167.   Denied.

168.   Denied.

## RELIEF SOUGHT

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants pray for a judgment as follows:

1.  That Plaintiffs take nothing against Defendants;

2.  That judgment be entered against Plaintiffs in favor of Defendants;

3.  That Defendants be awarded the costs of suit, including attorneys' fees
    incurred herein; and

4.  That this Court award Defendants such other and further relief as it may
    deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs are not entitled to a jury trial on all issues.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs lack standing.

### Second Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity under the Eleventh
Amendment.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by qualified immunity under Section 1983.

### Fifth Affirmative Defense

Plaintiffs seek remedies beyond the allowable scope of recovery.

### Sixth Affirmative Defense

Plaintiffs may not recover punitive damages because Defendants were not
motivated by evil motive or intent and did not act with reckless or callous
indifference to Plaintiffs' rights.

### Seventh Affirmative Defense

Plaintiffs fail to allege irreparable harm or any other basis upon which
injunctive relief would be available.

### Reservation of Rights

Defendants have not knowingly or intentionally waived any applicable

Defendants' Answer to Second Amended Class Action Complaint and
Demand for Jury Trial and Affirmative Defenses
21
Case No. 2:25-cv-04131-JWH-JDE

affirmative or other defenses and reserve the right to assert and rely on such other affirmative defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer and/or defenses accordingly and/or to withdraw defenses that they determine are not applicable during the course of subsequent discovery.

DATED: January 30, 2026                    Respectfully submitted,

                                          /s/ *Felicia H. Ellsworth*
                                          FELICIA H. ELLSWORTH
                                          (admitted *pro hac vice*)

                                          WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                          60 State Street
                                          Boston, MA 02109
                                          Telephone: 617-526-6000
                                          felicia.ellsworth@wilmerhale.com

                                          Debo Adegbile (admitted *pro hac vice*)
                                          debo.adegbile@wilmerhale.com
                                          Michael S. Crafts (admitted *pro hac vice*)
                                          michael.crafts@wilmerhale.com
                                          7 World Trade Center
                                          250 Greenwich Street
                                          New York, NY 10007
                                          Telephone: 212-295-8800

                                          Joshua A. Vittor (CA Bar No. 326221)
                                          joshua.vittor@wilmerhale.com
                                          350 South Grand Avenue
                                          Suite 2400
                                          Los Angeles, CA 90071
                                          Telephone: 213-443-5300

1

*Attorneys for Defendants*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28