WILMER CUTLER PICKERING HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael Crafts (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-6717
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com

Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DO NO HARM; et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., <br><br> *Defendants*. | Case No. 2:25-cv-4131 <br><br> **DEFENDANTS' RESPONSE TO THE UNITED STATES' MOTION TO INTERVENE [DKT. 77]** <br><br> Date:   February 27, 2026 <br> Time:   9:00 AM <br> Place:  Courtroom 9D <br> Judge:  Hon. John W. Holcomb |

1  Defendants take no position on the Motion to Intervene (the "Motion"), but
2  file this response to provide the Court with important context surrounding the
3  government's decision to intervene in this ongoing civil litigation, despite
4  simultaneously exercising the authority of two federal agencies to investigate the
5  very issue in this case—alleged racial discrimination in admissions at the UCLA's
6  David Geffen School of Medicine (the "School"). Defendants respectfully submit
7  that a hearing or case management conference on these issues—including whether
8  and how the case schedule should be adjusted to account for the government's
9  potential intervention—would be productive.

10  If the Court grants the Motion, Defendants reserve all rights to move to
11  dismiss or otherwise respond to the government's Complaint-in-Intervention, as
12  well as to seek other relief in this or any other appropriate forum.

## BACKGROUND

14  On March 27, 2025, the Department of Health and Human Services' Office
15  for Civil Rights ("HHS") initiated a compliance review into whether the School
16  engages in racial discrimination in its admissions practices in violation of Title VI
17  of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and Section 1557 of the
18  Affordable Care Act—which itself prohibits discrimination by federally funded
19  health programs "on the ground prohibited under [T]itle VI" and other civil rights
20  statutes, 42 U.S.C. § 18116(a). On May 9, 2025, the Department of Justice's Civil
21  Rights Division ("DOJ") also initiated a Title VI compliance review focusing on
22  possible racial discrimination in the School's admissions practices.

23  The government assured the School that it had not reached any conclusions,
24  that if it did ultimately conclude that UCLA was violating Title VI, it would work
25  with the School to secure compliance informally, and that formal action, such as
26  litigation, would be initiated only if DOJ were unable to secure compliance by
27  voluntary means. *See* 42 U.S.C. § 2000d-1; 28 C.F.R. § 42.108. Since the

2

compliance reviews were opened, the School has complied with the investigations, submitting numerous written responses as well as producing documents and information.

On January 28, 2026, without informing the School that it had reached a conclusion about the issue the government was investigating, and without engaging the School in any efforts to address any perceived noncompliance through voluntary means, the government filed the Motion.  The proposed Complaint-in-Intervention is based on the government's apparent conclusion that the School "intentionally engage[s] in a system of racial balancing that provides racial preferences in admissions and thereby treats applicants differently based on their race, all in violation of the equal protection rights of applicants." Dkt 77-2, ¶ 71.  The Complaint-in-Intervention seeks to enjoin the School "from in any way considering applicants' race when making admission decisions." *Id.* at 16.

## RESPONSE

The Complaint-in-Intervention asserts that the School discriminates on the basis of race in admissions.  That is the issue the government is purportedly still evaluating in the compliance reviews.  The government has not informed the School of its conclusion, nor has it provided the School with notice or the opportunity to come into compliance by voluntary means, as Title VI requires.  The School disputes that the government's compliance reviews have revealed or could reveal any evidence that the School engages in unlawful discrimination, and reserves its rights to challenge the government's allegations in any appropriate forum.  For purposes of evaluating the Motion, the School notes that the government's decision to file the Motion signals the outcome of the compliance reviews, preventing the School from receiving a fair adjudication in those investigations.

The fact that the government has brought a suit alleging the improper use of race in admissions that invokes equal protection principles that are coextensive[1] with Title VI raises significant concerns that the government is not adhering to Title VI and its regulations, including procedural protections afforded recipients of federal aid. Title VI provides that no action shall be taken to "effect[]" Title VI compliance "until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means." 42 U.S.C. § 2000d-1.[2] By filing this Motion, the government has signaled a conclusion as to the outcome of its Title VI compliance reviews and made a finding of a violation, without providing notice to the School or attempting to attain voluntary compliance. Further, the Complaint-in-Intervention apparently uses information produced by the School as part of the Title VI compliance reviews—information DOJ assured the School would be used solely for compliance review purposes—further demonstrating that the government's intervention is the outgrowth of its Title VI enforcement effort.[3] Requiring the School's continued participation in compliance reviews whose outcomes appear to be predetermined would be inconsistent with Title VI's requirements, and would unfairly burden the School, diverting its attention and resources, subjecting it to overlapping, cumulative processes and requests, and threatening its ability to present a full defense in this case.

---

[1] *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 198 n.2 (2023)

[2] DOJ and HHS regulations similarly codify protections if a Title VI compliance review leads to the conclusion that a violation has occurred. *See, e.g.*, 28 C.F.R. §§ 42.107(d), 42.108(d); 45 C.F.R. §§ 80.8(a), 80.8(d).

[3] Indeed, the same DOJ attorneys involved in the Title VI compliance review have signed the government's papers in support of the instant Motion.

DATED: February 6, 2026            Respectfully submitted,

*Felicia H. Ellsworth*
FELICIA H. ELLSWORTH (admitted *pro hac vice*)

WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo P. Adegbile (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
Michael S. Crafts (admitted *pro hac vice*)
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorney for Defendants*

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 AND STANDING ORDER OF HON. JOHN W. HOLCOMB

The undersigned, counsel of record for Defendants, certifies that this brief contains 25 pages or fewer, which complies with the page limit set by the Court's Standing Order revised February 24, 2023.

Dated: February 6, 2026                    /s/ *Felicia H. Ellsworth*
                                                     Felicia H. Ellsworth