1  HARMEET K. DHILLON
   Assistant Attorney General
2  JESUS A. OSETE
   Principal Deputy Assistant Attorney General
3  JEFFREY MORRISON
4  Acting Chief, Educational Opportunities Section
   JOHN P. MERTENS (CA No. 252762)
5  Deputy Chief, Educational Opportunities Section
   Civil Rights Division
6  U.S. Department of Justice
7      950 Pennsylvania Ave. NW
       Washington, DC 20530
8      Telephone: (202) 598-9726
       Email: john.mertens@usdoj.gov
9
10 TODD BLANCHE
   Deputy Attorney General
11 BILAL A. ESSAYLI
   First Assistant United States Attorney
12 JULIE A. HAMILL (CA No. 272742)
   Assistant United States Attorney
13 United States Attorney's Office
14 300 North Los Angeles Street, Suite 7516
   Los Angeles, California 90012
15 Telephone: (213) 894-2464
   E-Mail: julie.hamill@usdoj.gov
16
17 ATTORNEYS FOR PLAINTIFF-INTERVENOR
   UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM, et al.,<br>　　*Plaintiffs*,<br>　and<br><br>UNITED STATES OF AMERICA,<br>　　*Plaintiff-Intervenor*,<br>　v.<br><br>DAVID GEFFEN SCHOOL OF MEDICINE AT UCLA, et al.,<br>　　*Defendants*. | Case No. 2:25-cv-04131-JWH-JDE<br><br>UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE [DKT. 77]<br><br>Hearing Date:　February 27, 2026<br>Hearing Time:　9:00 a.m.<br>Ctrm:　　　　　9 D<br>Hon.　　　　　John W. Holcomb |

On January 28, 2026, the United States moved under Federal Rule of Civil Procedure 24 to intervene in this action to remedy significant violations of the U.S. Constitution arising from the David Geffen School of Medicine at UCLA's ("UCLA Med") use of racial and ethnic preferences in admission to medical school.

On February 6, 2026, Defendant filed its Response to the United States' Motion to Intervene (Dkt. 79). Defendant's Response "takes no position on the Motion to Intervene," rendering the Motion to Intervene unopposed. Dkt. 79 at 2. Defendant's Response also requests a case management conference on the litigation schedule, the intervention, the United States' Title VI investigation. *Id.* Such a conference would be unproductive and should not be scheduled.

### A. The Motion to Intervene is Unopposed and Should Be Granted Without Further Consideration.

Defendant filed its Response on February 6, 2026, before the deadline to oppose the United States' Motion to Intervene. See LR 7-9. However, Local Rule 7-9 requires that such an opposition must include "either (a) the evidence upon which the opposing party will rely in opposition to the motion…, or (b) a written statement that the party will not oppose the motion." Defendant's Response contains neither. See Dkt. 79. The Response's absence of a substantive opposition to the motion, and its statement that Defendant "takes no position on the Motion to Intervene," can only reasonably be construed as "a written statement that the party will not oppose the motion" under Local Rule 7-9. Dkt. 79 at 2. Any other interpretation of the Response would render it non-compliant. Thus, this Court should immediately grant the Motion to Intervene as unopposed.

### B. A Conference on Intervention and the Title VI Investigation is Unnecessary.

On page 2 of its Response, Defendant requests a "hearing or case management conference" on the intervention and the United States' Title VI investigation, "including whether and how the case schedule should be adjusted to account for [the

1

intervention]." Dkt. 79.

The Title VI investigation is outside of the scope of the United States' Proposed Complaint in Intervention (Dkt. 77-2) and need not be addressed at this time by the Court. Concerning the case schedule, the United States intends to comply with the existing Scheduling Order in this case (Dkt. 68). Defendant has articulated no reason why the present case schedule would prejudice its interests. Accordingly, there is no reason to conduct a hearing or case management conference on any of the issues raised in the Defendant's Response.

### C. Waiver of Oral Argument.

Because the Motion to Intervene is unopposed, the United States hereby waives oral argument on the Motion under Local Rule 7-15. Defendant has not explicitly waived oral argument on the Motion. However, their lack of opposition to the Motion should be construed as a waiver. See Local Rules 7-15 and 7-16.

For the foregoing reasons, the Court should grant the United States' Motion to Intervene and order its intervention in this action, without oral argument and without ordering a scheduling conference.

DATED: February 10, 2026.

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
JEFFREY MORRISON
Acting Chief, Educational Opportunities Section
*/s/ John P. Mertens*
JOHN P. MERTENS
Deputy Chief, Educational Opportunities Section
Civil Rights Division

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney
United States Attorney's Office
ATTORNEYS FOR PLAINTIFF-INTERVENOR
UNITED STATES OF AMERICA

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff-Intervenor, certifies that this brief contains 499 words, which complies with the word limit of L.R. 11-6.1

Dated: February 10, 2026

*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney