UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM, STUDENTS FOR FAIR ADMISSIONS, and KELLY MAHONEY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, JULIO FRENK, in his official capacity as the Chancellor of UCLA, GENE BLOCK, in his personal capacity, and JENNIFER LUCERO, in her personal capacity and in her official capacity as the Associate Dean of Admissions of David Geffen School of Medicine at UCLA,<br><br>Defendants. | Case No. 2:25-cv-04131-JWH-JDE<br><br>**ORDER GRANTING PLAINTIFF-INTERVENOR'S MOTION TO INTERVENE [ECF No. 77]** |

Before the Court is the unopposed motion of Plaintiff-Intervenor United States of America (the "Government") to intervene in this action.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. In the absence of any opposition,[2] the Court **GRANTS** the Government's instant Motion for the reasons set forth below.

## I.  BACKGROUND

Plaintiffs Do No Harm, Students for Fair Admission, and Kelly Mahoney filed this case in May 2025.[3] Plaintiffs allege that the UCLA David Geffen School of Medicine impermissibly considers applicants' race in its admissions process in violation of various federal rights and statutes. Specifically, the operative Amended Complaint, filed in December 2025, alleges the following three claims for relief: (1) violation of the Fourteenth Amendment; (2) violation of Title VI of the Civil Rights Act of 1964; and (3) violation of 42 U.S.C. § 1981.[4]

---

[1]   Pl.-Intervenor's Mot. to Intervene (the "Motion") [ECF No. 77].

[2]   Three Commissioners to the United States Commission on Civil Rights filed an *amicus curiae* brief in support of the Motion, which the Court accepted and considered. *See* Order Granting Mot. of *Amici* to File *Amicus Curiae* Brief [ECF No. 84]. Defendants Regents of the University of California, Julio Frenk, Gene Block, and Jennifer Lucero filed a response in which they state that they "take no position on the Motion to Intervene . . . but file this response to provide the Court with important context surrounding the government's decision to intervene in this ongoing civil litigation . . . ." Defs.' Resp. to the Motion (the "Response") [ECF No. 79] 2:1-3. The Court construes Defendants' Response as a non-opposition to the Motion, but the Court did review and consider Defendants' entire Response. The Government filed a Reply in support of its Motion that the Court also read and considered. *See* Pl.-Intervenor's Reply in Supp. of the Motion (the "Reply") [ECF No. 83].

[3]   Compl. [ECF No. 1].

[4]   *See generally* Second Am. Compl. (the "Amended Complaint") [ECF No. 76].

In January 2026 the Government filed the instant Motion, through which it seeks to intervene in this action as a plaintiff-intervenor. The Government attached its proposed Complaint in Intervention to its Motion.[5]

## II. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as a matter of right when a party who is given an unconditional right to intervene by a federal statute timely moves to intervene. *See* Fed. R. Civ. P. 24(a)(1).

## III. ANALYSIS

Here, § 902 of the 1964 Civil Rights Act—codified as 42 U.S.C. § 2000h-2—provides as follows:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

In view of the fact that the Government included in its Motion a certification by the Attorney General of the United States that this case is of general public importance,[6] the Court concludes that the Government possesses an unconditional statutory right of intervention.

Furthermore, the Court concludes that the Government's Motion is timely because the case in its early stages, the Government filed its motion

---

[5] Pl.-Intervenor's Compl. in Intervention for Declaratory and Injunctive Relief (the "Complaint in Intervention") [ECF No. 77-2].

[6] Certificate of the Attorney General Under 42 U.S.C. § 2000h-2 [ECF No. 77-3].

approximately one month after Plaintiffs filed their Amended Complaint, and no other party has argued that the Government's intervention would cause prejudice.[7] Accordingly the Court **GRANTS** the instant Motion.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Government's instant Motion to intervene [ECF No. 77] is **GRANTED**. The hearing on the Motion currently set for February 27, 2026, is **VACATED**.

2. The Government is **DIRECTED** to file its Complaint in Intervention no later than February 27, 2026.

3. Defendants are **DIRECTED** to file their respective responses to the Complaint in Intervention no later than March 20, 2026. The Court encourages the parties to confer and to file a stipulation proposing a different schedule if they deem it appropriate.

**IT IS SO ORDERED.**

Dated: February 19, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[7] In their Response, Defendants discuss the possible effect of the Government's intervention in this action on the Department of Health and Human Services's ongoing Title VI compliance review of Defendants' admissions practices. *See generally* Response. However, Defendants do not argue that the Government's intervention in this action would cause them prejudice.