WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-6717

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DO NO HARM; et al., | Case No. 2:25-cv-04131-JWH-JDE |
|        *Plaintiffs*, and | **DEFENDANT'S ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF AND AFFIRMATIVE DEFENSES** |
| UNITED STATES OF AMERICA,        *Plaintiff-Intervenor*,     v. | |

REGENTS OF THE UNIVERSITY
OF CALIFORNIA, et al.,

*Defendants.*

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant The Regents of the University of California ("The Regents" or "Defendant"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses as follows to Plaintiff-Intervenor the United States of America's ("Plaintiff-Intervenor") Complaint-in-Intervention.

Except as hereinafter expressly admitted, Defendant denies each and every allegation, statement, and matter contained in the Complaint-in-Intervention and, in particular, denies that it has engaged in racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  To the extent the paragraphs in the Complaint-in-Intervention are grouped under headings and sub-headings, Defendant responds generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Defendant denies each heading and sub-heading in the Complaint-in-Intervention and incorporates by reference this response in each paragraph below as if fully set forth therein.  To the extent Defendant responds that a document or source speaks for itself, or refers the Court to a document or source for a complete and accurate description of its contents, such assertion shall not be deemed to be an admission that the contents of any such document or source or truthful, accurate, or complete.  Any allegations contained in the Complaint-in-Intervention that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Defendant generally denies any averments in the Complaint-in-Intervention's unnumbered paragraphs, captions, footnotes, and prayer for relief.

Defendant reserves the right to amend this answer and to assert other defenses as this action proceeds.

Pursuant to the foregoing, Defendant responds to the numbered paragraphs in the Complaint-in-Intervention as follows:

DEFENDANT'S ANSWER TO COMPLAINT-IN-INTERVENTION AND AFFIRMATIVE DEFENSES
CASE NO. 2:25-cv-04131-JWH-JDE

1. Paragraph 1 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent a response is required, Defendant denies the allegations of paragraph 1.

2. Admitted.

3. To the extent paragraph 3 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Paragraph 3 states conclusions of law and Plaintiff-Intervenor's characterization of the claims of plaintiff Do No Harm, Students for Fair Admissions, and Kelly Mahoney (collectively, "Plaintiffs"), to which no response is necessary. Defendant denies the remaining allegations of paragraph 3.

4. To the extent paragraph 4 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Paragraph 4 states conclusions of law and Plaintiff-Intervenor's characterization of Plaintiffs' claims, to which no response is necessary. Defendant denies the remaining allegations of paragraph 4.

5. Paragraph 5 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent a response is required, Defendant denies the allegations regarding the denial of equal protection of the laws under the Fourteenth Amendment. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and on that basis denies them.

6. Paragraph 6 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent a response is required, Defendant denies the allegations of paragraph 6.

7. Paragraph 7 states conclusions of law, to which no response is necessary. To the extent a response is required, Defendant denies the allegations of paragraph 7.

8.      Paragraph 8 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary.  To the extent a response is required, Defendant admits that the David Geffen School of Medicine ("DGSOM") resides in the Central District of California, it resides in the State of California, and the claims against all other defendants have been dismissed (*see* Dkt. No. 88; Dkt. No. 91).  Defendant otherwise denies the remaining allegations of paragraph 8.

9.      Admitted.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and on that basis denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and on that basis denies them.

12.     Defendant admits that Plaintiff Kelly Mahoney applied and was denied admission to DGSOM.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 12, and on that basis denies them.

13.     To the extent paragraph 13 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  To the extent a response is required, Defendant admits that the Board of Regents is the governing board of the University of California.  Defendant otherwise denies the remaining allegations of paragraph 13.

14.     Paragraph 14 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary.  Moreover, the claims against Chancellor Frenk have been dismissed.  *See* Dkt. No. 88; Dkt. No. 91.  To the extent a response is required, Defendant admits that Chancellor Frenk is,

at the time of this filing, the current Chancellor of UCLA. To the extent paragraph 14 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant otherwise denies the remaining allegations of paragraph 14.

15. Paragraph 15 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. Moreover, the claims against Chancellor Block have been dismissed. *See* Dkt. No. 88; Dkt. No. 91. To the extent a response is required, Defendant admits that Chancellor Block was the Chancellor of UCLA from August 2007 to July 2024. To the extent paragraph 15 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant otherwise denies the remaining allegations of paragraph 15.

16. Paragraph 16 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. Moreover, the claims against Associate Dean Lucero have been dismissed. *See* Dkt. No. 88; Dkt. No. 91. To the extent a response is required, Defendant admits that Associate Dean Lucero has been the Associate Dean of Admissions at DGSOM since 2020 and sits on the Admissions Policy and Oversight Committee as an ex officio member. To the extent paragraph 16 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant otherwise denies the remaining allegations of paragraph 16.

17. The claims against Associate Dean Lucero, Chancellor Frenk, and Chancellor Block have been dismissed. *See* Dkt. No. 88; Dkt. No. 91. Defendant admits that it resides in the State of California, and that DGSOM resides in the Central District of California. Defendant otherwise denies the remaining allegations of paragraph 17.

18. Defendant admits that DGSOM typically receives between 11,000 and 14,000 applicants and matriculates approximately 175 medical students each year. Defendant further admits that DGSOM is highly selective. Defendant otherwise denies the remaining allegations of paragraph 18.

19. To the extent paragraph 19 purports to characterize, quote from, or summarize written documents or videos, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 19.

20. Admitted.

21. Defendant admits that DGSOM's admissions committee makes admissions decisions. Defendant further admits that DGSOM does not make public who sits on the admissions committee, and that approximately five DGSOM students sit on the committee. Defendant otherwise denies the remaining allegations of paragraph 21.

22. Defendant admits that DGSOM's application-review process includes a primary application, secondary application, interview, committee deliberation, and a decision, but denies any implication that paragraph 22 provides a comprehensive description of the application review process. Defendant otherwise denies the remaining allegations of paragraph 22.

23. Admitted.

24. Admitted.

25. To the extent paragraph 25 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 25.

26. Defendant admits the allegations in the first sentence of paragraph 26. Defendant otherwise denies the remaining allegations of paragraph 26.

27. Defendant denies the allegations in the first sentence of paragraph 27. To the extent paragraph 27 purports to characterize, quote from, or summarize

written documents, those documents speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity regarding the remaining allegations in paragraph 27, and on that basis denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity regarding the allegations in the first sentence of paragraph 28, and on that basis denies them. Defendant denies the remaining allegations of paragraph 28.

29. Admitted.

30. To the extent paragraph 30 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 30.

31. Admitted.

32. Defendant admits that admissions committee members consider applications during admissions committee meetings, but denies any implication that paragraph 32 provides a comprehensive description of the application review process, and otherwise denies the remaining allegations of paragraph 32.

33. Defendant admits that the admissions committee ultimately decides to which applicants to offer admission, but denies any implication that paragraph 33 provides a comprehensive description of the application review process, and otherwise denies the remaining allegations of paragraph 33.

34. Defendant admits that DGSOM application screeners, interviewers, and members of the Admissions Committee review applications holistically. To the extent paragraph 34 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 34, and on that basis denies them.

35. Denied.

36.    Denied.

37.    To the extent paragraph 37 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 37.

38.    To the extent paragraph 38 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 38, and on that basis denies them.

39.    To the extent paragraph 39 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 39.

40.    To the extent paragraph 40 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 40.

41.    To the extent paragraph 41 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 41.

42.    To the extent paragraph 42 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 42.

43.    To the extent paragraph 43 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 43.

44.    To the extent paragraph 44 purports to characterize, quote from, or summarize written documents, those documents speak for themselves.  Defendant denies the remaining allegations of paragraph 44.

45. To the extent paragraph 45 and its subparts purport to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 45 and its subparts.

46. To the extent paragraph 46 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 46.

47. Defendant admits that Associate Dean Lucero is the Associate Dean for Admissions and the Vice Chair for Inclusive Excellence in Anesthesiology at DGSOM. Defendant denies the remaining allegations of paragraph 47.

48. To the extent paragraph 48 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 48.

49. To the extent paragraph 49 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 49.

50. To the extent paragraph 50 purports to characterize, quote from, or summarize written documents, those documents speak for themselves. Defendant denies the remaining allegations of paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55, and on that basis denies them.

56. Denied.

57.    Denied.

58.    Denied.

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 59, and on that basis denies them.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60, and on that basis denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61, and on that basis denies them.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62, and on that basis denies them.

63.    Defendant denies the allegations of illegal use of race in admissions. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 63, and on that basis denies them.

64.    Denied.

65.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 65, and on that basis denies them. Defendant denies the remaining allegations of paragraph 65.

66.    Paragraph 66 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent that a response is required, Defendant denies the allegations of paragraph 66.

67.     Paragraph 67 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67, and on that basis denies them.

68.     Defendant incorporates by reference its responses to Plaintiff-Intervenor's allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

69.     Paragraph 69 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent that a response is required, Defendant denies the allegations of paragraph 69.

70.     Paragraph 70 states conclusions of law and Plaintiff-Intervenor's characterization of its claims, to which no response is necessary. To the extent that a response is required, Defendant denies the allegations of paragraph 70.

71.     Denied.

72.     Denied.

73.     Denied.

## RELIEF SOUGHT

Defendant denies that Plaintiff-Intervenor is entitled to any relief whatsoever. Defendant prays for a judgment as follows:

1. That Plaintiff-Intervenor takes nothing against Defendant;

2. That judgment be entered against Plaintiff-Intervenor in favor of Defendant;

3. That Defendant be awarded the costs of suit, including attorneys' fees incurred herein; and

4.  That this Court award Defendant such other and further relief as it may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff-Intervenor lacks standing.

### Second Affirmative Defense

Plaintiff-Intervenor fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff-Intervenor fails to allege irreparable harm or any other basis upon which injunctive relief would be available.

### Fourth Affirmative Defense

Plaintiff-Intervenor seeks remedies beyond the allowable scope of recovery.

### Reservation of Rights

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to assert and rely on such other affirmative defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or defenses accordingly and/or to withdraw defenses that it determines are not applicable during the course of subsequent discovery.

DATED: March 20, 2026                    Respectfully submitted,

                                         */s/ Felicia H. Ellsworth*
                                         FELICIA H. ELLSWORTH
                                         (admitted *pro hac vice*)

DEFENDANT'S ANSWER TO COMPLAINT-IN-INTERVENTION AND AFFIRMATIVE DEFENSES
CASE NO. 2:25-cv-04131-JWH-JDE

WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*