# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DO NO HARM et al.<br><br>*Plaintiffs*,<br><br>and<br><br>THE UNITED STATES OF AMERICA<br><br>*Plaintiff-Intervenor*,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.<br><br>*Defendants*. | Case No. 2:25-cv-04131-JWH-JDE<br><br>**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF-INTERVENOR'S AMENDED COMPLAINT-IN-INTERVENTION**<br><br>Date:     September 4, 2026<br>Time:     9:00 a.m.<br>Place:    Courtroom 9D<br>Judge:    Hon. John W. Holcomb |

THIS MATTER comes before this Court on Defendant's Motion to Dismiss Plaintiff-Intervenor's Amended Complaint-in-Intervention pursuant to Federal Rule of Civil Procedure 12(b)(6).  Upon considering the Amended Complaint-in-Intervention and the parties' briefing, the Court finds that dismissal of certain claims is warranted.

*First*, the Government's Title VI claim is dismissed to the extent it seeks the termination of DOJ grants to UCLA and recovery of previously awarded grant funds:

- The Government fails to plausibly allege that any of the DOJ grants identified in the Amended Complaint-in-Intervention has a nexus to the admissions practices at DGSOM.  Title VI permits funding termination only as to "the particular program, or part thereof," in which noncompliance has been found.  *See* 42 U.S.C. § 2000d-1; *Bd. of Pub. Instruction of Taylor Cnty., Fla. v. Finch*, 414 F.2d 1068, 1078-79 (5th Cir. 1969); *Maine v. United States Dep't of Agric.*, 778 F. Supp. 3d 200, 230 (D. Me. 2025).

- Title VI does not authorize the retrospective recovery of federal funds, but instead limits the Government to seeking forward-looking compliance. *See* 42 U.S.C. § 2000d-1.

- The Government may not evade Title VI's statutory limitations by recasting alleged Title VI violations as a common-law breach of contract claim.  *See Bennett v. Ky. Dep't of Educ.*, 470 U.S. 656, 669 (1985); *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 95-97 (1981).

*Second*, the Government's breach of contract claim is dismissed in its entirety:

- The Amended Complaint-in-Intervention does not plausibly allege that compliance with Title VI was a contractual obligation—or a material term—of the specific DOJ grants identified in the pleading.  Nor does

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
CASE NO. 2:25-cv-04131-JWH-JDE

it plausibly allege that the challenged admissions practices at DGSOM defeated the fundamental purpose of those grants. *See Gilbert v. Department of Just.*, 334 F.3d 1065, 1071 (Fed. Cir. 2003); *Stone Forest Indus., Inc. v. United States*, 973 F.2d 1548, 1551 (Fed. Cir. 1992); *Hansen Bancorp, Inc. v. United States*, 367 F.3d 1297, 1312 (Fed. Cir. 2004).

- The rescission and restitution remedies sought by the Government are inconsistent with the limits governing remedies under Spending Clause legislation. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 220-23 (2022); *Barnes v. Gorman*, 536 U.S. 181, 186, 188 (2002); *Landor v. La. Dep't of Corr. & Pub. Safety*, 146 S. Ct. 1931, 1941 (2026).

Accordingly, Defendant's Motion to Dismiss is **GRANTED**. The Government's Title VI claim, to the extent it seeks rescission of prior grants and payments, return of grant funds, termination of DOJ grants lacking the requisite nexus to the alleged noncompliance at DGSOM, and related retrospective monetary relief, is dismissed with prejudice. The Government's breach of contract claim is likewise dismissed with prejudice.

Dated: _____

_____

Hon. John W. Holcomb

United States District Judge

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
CASE NO. 2:25-cv-04131-JWH-JDE